■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY LUDWIG, Also Known as HARRY LEWIS LUDWIG, Appellant.— In a *coram nobis* proceeding, defendant appeals: (1) from an order of the Supreme Court, Queens County, dated April 1, 1964, which denied without a hearing his application to vacate a judgment of the former County Court, Queens County, rendered November 20, 1936 on his plea of guilty, convicting him of attempted grand larceny in the second degree, and imposing sentence; and (2) from an order of said court, made April 8, 1964 upon reargument, which adhered to the original decision. Appeal from order of April 1, 1964 dismissed. That order was superseded by the later order of April 8, 1964, granting reargument. Order of April 8, 1964 affirmed (*People* v. *Bratcher*, 16 A D 2d 942). Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN J. MOLLOY, Also Known as JOHN JAMES JOSEPH MOLLOY, Appellant.— Appeal by defendant: (1) from a judgment of the Supreme Court, Queens County, rendered July 31, 1963 on his plea of guilty, convicting him of attempted grand larceny in the second degree and imposing sentence upon him as a second felony offender; and (2) from an order of said court dated April 5, 1963 which denied, after a hearing, his motion to suppress evidence. Judgment and order affirmed. The sole question presented is whether the motion to suppress was properly denied. It appears that on the night of November 21, 1962, pursuant to a police radio message which reported the presence of prowlers, the arresting officer went to the scene of 871 Flatbush Avenue and found defendant on the roof of a nearby building at 12 Martense Street. Defendant's explanation for his presence there was that he had run away from a fight and was looking for a place to sleep. The officer and defendant went downstairs where defendant repeated his story. Defendant was then arrested and searched. The search revealed a registration card of an automobile which it later developed had been stolen. Upon further search of the area the officer found, parked in front of the Martense Street building, an automobile bearing the same registration; and in the automobile he found another man, named Smith, hiding under the dashboard. Defendant and Smith were charged with burglary; that charge was thereafter dismissed. About two months later the defendant was charged with grand larceny of the automobile. The motion to suppress followed, and was denied after a hearing wherein the above facts were developed. Thereafter defendant withdrew his plea of not guilty and pleaded guilty to attempted grand larceny in the second degree. In our opinion, under the circumstances here, the officer had probable cause to believe that a felony had been or was about to be committed by this defendant. The fact that the burglary charge was thereafter dismissed did not render the arrest unlawful (Code Crim. Pro., § 177, subd. 4). Since there was a reasonable cause for the arrest, the subsequent search incident to the arrest was lawful (*Draper* v. *United States,* 358 U. S. 307, 310–311; *People* v. *Loria,* 10 N Y 2d 368, 373). The evidence seized at the time of the arrest for burglary, which charge was dismissed, was admissible on a subsequent charge of larceny (*Paper* v. *United States,* 53 F. 2d 184; *Carroll* v. *United States,* 267 U. S. 132, 158; *Harris* v. *United States,* 331 U. S. 145, 155; *People* v. *Lombardi,* 18 A D 2d 177, 180, and cases there cited). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.