**UNITED STATES of America ex rel. Joseph COFFEY, Relator-Appellant,**

v.

**Hon. Edward M. FAY, as Warden, Green Haven Prison, Stormville, N. Y., Respondent-Appellee.**

No. 125, Docket 29953.

United States Court of Appeals Second Circuit.

Argued Nov. 18, 1965.

Decided Feb. 24, 1966.

---

Alfred I. Rosner and Martin B. Rosner, New York City, for relator-appellant.

Joel Lewittes, Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen. of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., Michael H. Rauch, Deputy Asst. Atty. Gen., for respondent-appellee.

Before WATERMAN, SMITH and ANDERSON, Circuit Judges.

PER CURIAM.

Petitioner was tried by a jury in the New York state courts, convicted of burglary in the third degree, and sentenced to six to ten years in prison. After numerous appeals his conviction was affirmed by the New York Court of Appeals and certiorari to the United States Supreme Court was denied. Having exhausted all state remedies available to him, petitioner next petitioned the United States District Court for the Southern District of New York for habeas corpus relief, contending, first, that evidence consisting of diamonds, the proceeds of the burglary, was obtained by the arresting officers in violation of his federal right to be free from unreasonable search and seizure, and, second, that he had been denied due process when, at a post-trial hearing to suppress the evidence, the state court upheld the prosecution's refusal to disclose the identity of an informer whose telephone conversation with one De Normand, a conversation overheard by FBI agent Gilhofer, had in large part inspired the warrantless arrest of Coffey and De Normand.[1]

Judge Weinfeld ruled that petitioner's Fourth Amendment rights had not been violated because the facts of record established that the police had probable cause to arrest both Coffey and De Normand. Judge Weinfeld went on to rule, however, that the state court's refusal to order the disclosure of the informant's identity deprived petitioner of his Fourteenth Amendment right to a fair hearing on the issue of probable cause. He held that petitioner was thereby deprived, in his attempt to elicit facts tending to disprove the existence of probable cause, of the opportunity to quiz the only available witness, other than FBI agent Gilhofer, to the critical telephone conversation. 234 F.Supp. 543 (S.D.N.Y.1964). Our court reversed, holding that due process did not require that the informant be produced in a state court hearing to determine probable cause, and we remanded for consideration of the other federal questions raised by the petitioner. 344 F.2d 625 (2 Cir. 1965).

On remand Judge Weinfeld carefully considered each and every other claim advanced by petitioner and concluded that none of these grounds entitled petitioner to federal habeas corpus relief. 242 F.Supp. 382 (S.D.N.Y.1965). Before this court petitioner fails to raise any substantial claim that was not considered in detail and rejected by the court below. We can add little to what has been said by Judge Weinfeld in his most recent opinion. We therefore affirm the denial of petitioner's application for habeas corpus on the grounds set forth in the opinion of the district judge.

---

1. The facts are set forth in the first opinion of the district court at 234 F.Supp. 543 and are partially restated in the first opinion of our court at 344 F.2d 625; they will not be repeated here.