UNITED STATES of America ex rel.
John J. MOLLOY, Petitioner,

v.

Hon. Harold W. FOLLETTE, Warden of
Green Haven Prison, Stormville, New
York, Respondent.

No. 66 Civil 154.

United States District Court
S. D. New York.

Aug. 18, 1966.

John J. Molloy, pro se.

Louis J. Lefkowitz, Atty. Gen. of State
of New York, New York City, for re-
spondent, Amy Juviler, Asst. Atty. Gen.,
of counsel.

WEINFELD, District Judge.

Petitioner, serving a sentence at Green
Haven Prison, New York, of one year and
three months to five years, imposed pur-

suant to a judgment of conviction entered upon his plea of guilty to attempted grand larceny in the second degree, seeks his release upon a federal writ of habeas corpus. He contends that his federally protected right against unlawful search and seizure under the Fourth Amendment was violated.

Petitioner in the State Courts raised the claims here presented in a pretrial motion to suppress the alleged illegally obtained evidence derived as a result of a search of his person, to wit, an automobile registration certificate. His motion was denied. Thereupon, petitioner pleaded guilty, but following his sentence he appealed and his constitutional claims were reviewed by the state appellate courts,[1] found wanting, and the judgment of conviction affirmed.[2] It is conceded, except as to one claim hereafter discussed, that petitioner has exhausted available state remedies.

The state hearing on the motion to suppress and subsequent events developed the following: Detective Gagliardi, who was on radio patrol duty on the night of November 21, 1962, received a call that there were prowlers in the vicinity of 871 Flatbush Avenue, Brooklyn. He proceeded to the roof of the premises to investigate a possible burglary and saw the defendant on another roof at 12 Martense Street, 100 feet from 871 Flatbush Avenue. The detective questioned the petitioner, who told him that he had been in a fight in the street and had gone to the roof to find a place to sleep. Detective Gagliardi took petitioner to the street, where he again questioned him, received the same answer and thereupon, in the absence of a satisfactory explanation of what petitioner was doing in the neighborhood, placed him under arrest. The detective then searched petitioner and found a motor vehicle registration certificate on him, but in the name of another person. Parked in front of 12 Martense Street was a car bearing a registration plate number corresponding to that shown on the certificate found on petitioner's person. The detective also found one John Herbert Smith secreted in the car under the dashboard and placed him under arrest. Both were charged upon a complaint with burglary in the first degree and possession of burglar's tools, but these charges were dismissed. Subsequently they were indicted for the theft of the automobile. An investigation had disclosed that the car had been stolen and that the license plate thereon, which corresponded to that shown on the registration card on petitioner's person, was not properly on the car.

Petitioner here contends that his federally protected rights were violated in that (1) he was illegally arrested without probable cause, and (2) the seizure of the registration certificate was not a "lawful incident" of an arrest by a police officer investigating a suspected burglary.

There was ample probable cause for petitioner's arrest. Under New York's Code of Criminal Procedure, a police officer may arrest without a war-

---

1. N.Y.Code Crim.Proc. § 813–c allows a defendant claiming an unlawful search and seizure to apply for pretrial suppression and, if denied, to obtain review upon appeal from the judgment of conviction notwithstanding the fact that the conviction was predicated upon a guilty plea. The state here contends despite this statute that the plea of guilty, since it is the equivalent of a conviction at trial, precludes consideration by this Court of the alleged federal constitutional claim of unlawful search and seizure. The Court does not reach this issue or express any view thereon since it has disposed of petitioner's claim upon the merits. Moreover, the Court has been advised that there are presently pending in the Court of Appeals several matters which present this issue. See United States ex rel. Jackson v. Follette, Doc. No. 30679, 2d Cir.; United States ex rel. LaMonica v. Buono, Doc. No. 30640 2d Cir.; United States ex rel. Rogers v. LaVallee, Doc. No. MR 930, 2d Cir.

2. People v. Molloy, 22 A.D.2d 814, 254 N.Y.S.2d 769 (2d Dep't 1964), aff'd, 17 N.Y.2d 431, 266 N.Y.S.2d 520, 213 N.E. 2d 801 (1965).

rant, not only when a felony has in fact been committed but also "[w]hen he has reasonable cause for believing that a felony has been committed, and that the person arrested has committed it, though it should afterward appear that no felony has been committed * * *." [3] Considering that the detective had been directed to the scene of a suspected crime by official authority, the petitioner's presence at an unusual place in the area of a suspected burglary at that time of year and day and the lack of satisfactory explanation for his presence in the general area, the officer had probable cause to believe that a felony had been committed by the petitioner and hence the arrest was lawful.[4] The fact that petitioner was discharged upon the burglary charge for which he was originally arrested or that no burglary actually had been committed does not negate the existence of probable cause for the arrest.[5] The test of probable cause for an arrest does not require evidence necessary to support a conviction upon a trial.[6] The standard to be applied in each instance is substantially different.

The petitioner contends, however, that even though there was probable cause for his arrest and a search of his person was permissible as an incident thereof, nonetheless the registration card was not seizable in the course of the authorized search.

Since the search was valid, that it turned up matter unrelated to the burglary charge for which petitioner was initially arrested does not foreclose its use.[7] The objects which may be validly seized as an incident to a lawful arrest extend to stolen and forged papers,[8] documents used as a means to commit a crime or which can be used to establish a false identity,[9] or property the possession of which is a crime.[10] The registration card was capable of ready use to establish a false identity as the owner of the car on which was displayed the false registration plate. Since the initial arrest was lawful, the seizure of this material found upon the defendant was proper.

Petitioner finally contends that a federally protected right was violated when the arresting officer failed to

---

3. N.Y.Code Crim.Proc. § 177(4).

4. See United States v. Zimple, 318 F.2d 676, 677 (7th Cir.), cert. denied, 375 U.S. 868, 84 S.Ct. 128, 11 L.Ed.2d 95 (1963) (defendant present in unusual place gave unsatisfactory explanation for his presence there); United States v. Heitner, 149 F.2d 105, 106–107 (2d Cir.), cert. denied sub nom. Cryne v. United States, 326 U.S. 727, 66 S.Ct. 33, 90 L.Ed. 432 (1945) (police received orders from precinct to proceed to certain building for investigation); People v. Cassone, 20 App.Div.2d 118, 245 N.Y.S.2d 843, 844 1st Dep't 1963), aff'd, 14 N.Y.2d 798, 251 N.Y.S.2d 33, 200 N.E.2d 214, cert. denied, 379 U.S. 892, 85 S.Ct. 167, 13 L. Ed.2d 95 (1964) (unusual time of day and year).

5. See United States ex rel. Robinson v. Fay, 239 F.Supp. 132, 137 (S.D.N.Y. 1965), cert. denied, Robinson v. New York, 382 U.S. 998, 86 S.Ct. 587, 15 L.Ed. 2d 485 (1966); People v. Roach, 44 Misc.2d 40, 253 N.Y.S.2d 24, 28 (Sup. Ct.1964). Cf. United States ex rel. Boucher v. Reincke, 341 F.2d 977, 980 (2d Cir. 1965).

6. See Draper v. United States, 358 U.S. 307, 311–312, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Stephens v. United States, 106 U.S.App.D.C. 249, 271 F.2d 832, 834 (1959). "In dealing with probable cause * * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949).

7. Abel v. United States, 362 U.S. 217, 238, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Harris v. United States, 331 U.S. 145, 155, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); United States ex rel. Boucher v. Reincke, 341 F.2d 977, 980 (2d Cir. 1965).

8. Gouled v. United States, 255 U.S. 298, 309, 41 S.Ct. 261, 65 L.Ed. 647 (1921).

9. Abel v. United States, 362 U.S. 217, 238, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960).

10. Harris v. United States, 331 U.S. 145, 155, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947).

comply with section 180 of New York's Code of Criminal Procedure, which requires that an officer, making an arrest without a warrant, inform the defendant of the reason for his arrest.[11] The state in reply urges that the issue was not previously tendered to the state courts and hence petitioner has failed to exhaust available state remedies. It is in error, since the precise claim was made in the New York State Court of Appeals.[12] Thus, the matter is properly before this Court. However, the issue is resolved against petitioner, since the alleged violation of the state statute does not raise a federal constitutional question.[13]

The petition is dismissed.

11. The statute provides: "When arresting a person without a warrant the officer must inform him of the authority of the officer and the cause of the arrest, except when the person arrested is in the actual commission of a crime, or is pursued immediately after an escape."

12. The headnote to the court's decision states: "In the Court of Appeals defendant argued * * * that Gagliardi's failure to inform him of the reason for his arrest also rendered the arrest and subsequent search of his person unlawful." People v. Molloy, 17 N.Y.2d 431, 433, 266 N.Y.S.2d 520, 213 N.E.2d 801 (1965).

13. United States ex rel. Coffey v. Fay, 242 F.Supp. 382, 385 (S.D.N.Y.1965), aff'd, 356 F.2d 460 (2d Cir. 1966).