■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NELSON HERNANDEZ, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered July 1, 1977, which, after a hearing, granted defendant's motion to suppress statements made by him. Order reversed, on the law and the facts, and motion denied. Alerted by a radio alarm that a burglary was in progress at a specified location, several police officers dressed in civilian clothes, members of an anticrime unit, responded and, upon arriving at the scene, observed a tarpaulin or black skylight in the process of being opened on the roof of a building. The person observed sought to flee, but was recognized by one of the officers as a man (Martinez) whom he had previously arrested. Indeed, the officer shouted to him, calling him by name. The defendant was observed by another officer staring up at the roof from the street. Upon one of the officers leaping onto the stoop of another building in an endeavor to apprehend the individual he had seen on the roof, the defendant was seen and heard whistling sharply several times. The officer concluded that these were warnings by defendant to his accomplice. Upon being stopped by the police, defendant explained that he was "whistling to a friend". When asked to explain his presence at the scene, after he had been taken to the stationhouse and given his *Miranda* warnings, defendant stated, *inter alia,* that he had been approached by a man known to him only as "Blackie" and was asked whether he wanted to make some money. Upon agreeing and then inquiring what he would be required to do, defendant was instructed to "come in front of this building here and if you see the cops, to whistle, and I'll give you some money afterwards, a percentage of the take." We find that defendant's observed conduct provided

reasonable cause for the police officers to conclude that he was either committing or had committed a crime in their presence (see CPL 140.10, subd 1, pars [a], [b]; *People v Molloy,* 22 AD2d 814). Accordingly, his arrest was proper and the statements elicited as a result thereof should not have been suppressed. Latham, J. P., Rabin, Gulotta and Hawkins, JJ., concur.