■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DOLAN, Appellant. — Judgment, Supreme Court, Bronx County, rendered on May 8, 1979, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Murphy, P. J., Sandler, Carro, Lupiano and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN MARIN, Respondent. — Order, Supreme Court, New York County, entered December 17, 1979, granting defendant's motion to suppress the physical evidence seized from him which supports an indictment for criminal possession of a weapon, third degree, and criminal possession of a controlled substance, fifth degree, unanimously reversed, on the law, suppression denied, and the matter remanded for further proceedings. Defendant, who neither speaks nor understands English, was a passenger in a car lawfully stopped by police for a traffic infraction. The driver was told to turn off the ignition and get out of the car. When the driver got out, the defendant got out and, in doing so, exposed a gun in his waistband. He was arrested and a later search revealed bullets and cocaine. We do not know that the defendant's action in getting out of the car arose from the driver's action in getting out. The command to the driver was not an illegal intrusion because, once a car has been lawfully stopped for a traffic infraction, the police may order the driver out even if he has indulged in no suspicious behavior (Pennsylvania v Mimms, 434 US 106). While the passengers may not be ordered out absent some suspicion directed at them, no order was directed to this defendant; he could not understand the order given to the driver, and the police cannot be blamed for whatever interpretation the defendant may have placed on it. Concur — Murphy, P. J., Sandler, Ross, Lupiano and Lynch, JJ.