■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES V. LATHIGEE, JOSEPH W. LATHIGEE and GORDON L. MONTGOMERY, Respondents. — Order unanimously reversed, on the law and facts, motion denied and matter remitted to Orleans County Court for further proceedings on the indictments. Memorandum: The People appeal from an order suppressing items seized from the defendants and the car which they occupied. The police stopped a car occupied by the three defendants within 30 minutes of the report of a burglary in progress and within three miles of the crime scene. It matched the description of a car from which two burglars reportedly had exited, and which circled the crime scene several times during the incident. The police knew that a burglary had occurred, that pry marks had been found at the crime scene, and they had reason to suspect that three persons were involved. Upon approaching the defendants' car, the police observed a "prybar" in the back seat. The police ordered the defendants out of the car. As the defendants exited the vehicle the police observed a gun in a shoulder holster, and a metal wristband with protruding metal studs on Joseph Lathigee, and a knife sheath on the belt of James Lathigee. The gun, wristband and a hunting knife were seized. A frisk search of the defendant, Gordon Montgomery, revealed brass knuckles in his pocket which were also seized. After the car was impounded, the prybar and other tools found in the back seat were confiscated by the police. The trial court granted the motion to suppress solely because it found that the police were not justified in ordering the defendants out of the car without making any preliminary inquiries. We disagree. On the facts of this case, the police had reasonable suspicion that the occupants of the car had committed a burglary (see *People v Brnja,* 50 NY2d 366). This suspicion was directed not only at the driver of the car but also at its passengers (cf. *People v Marin,* 80 AD2d 541). We hold that the police, given the facts of this case, acted reasonably in stopping the car and ordering the defendants to get out without conducting any preliminary inquiry. When a car is lawfully stopped and suspicion is directed at its occupants, the *"de minimis"* intrusion of ordering the occupants out of the car is a "mere inconvenience [which] cannot prevail when balanced against legitimate concerns for the officer's safety" *(Pennsylvania v Mimms,* 434 US 106, 111; see *People v Diaz,* 41 NY2d 876, cert den 434 US 939; *People v*

*Battaglia,* 82 AD2d 389). (Appeal from order of Orleans County Court, Miles, J. — suppression.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.