■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR FABIAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), dated May 22, 1985, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Di Tucci, J.) of that branch of the defendant's omnibus motion which was to suppress physical evidence seized from him pursuant to an arrest based on mistaken identity.

Ordered that the judgment is affirmed.

The defendant was arrested in good faith by a police officer

who reasonably believed him to be an individual being sought by the police for a homicide committed in the precinct in which the defendant was apprehended. The defendant was in fact the brother of the wanted individual. The police issued a "Wanted for Homicide" photograph, which was in the possession of the arresting officer at the time of the defendant's apprehension, and the photograph taken of the defendant at the precinct at the time of his arrest reveals a reasonable likeness between the two individuals.

Inasmuch as probable cause for the arrest of the homicide suspect is not in dispute, the officer's reasonable mistake in arresting the defendant does not invalidate the arrest *(see, Hill v California,* 401 US 797). It was entirely proper for the police, who were acting upon the good-faith belief that they were in the presence of a dangerous criminal, to have approached the defendant with guns drawn due to their reasonable fear for their own safety. As recognized by the Court of Appeals, "It would, indeed, be absurd to suggest that a police officer has to await the glint of steel before he can act to preserve his safety" *(People v Benjamin,* 51 NY2d 267, 271). The mere fact that the arresting officer later learned that he was mistaken about the defendant's identity is of no legal consequence *(see, People v Wright,* 100 AD2d 523; *People v Bertino,* 93 AD2d 972). Inasmuch as the search of the defendant was conducted pursuant to a lawful arrest, that branch of the defendant's omnibus motion which was to suppress the gun and ammunition seized from him was properly denied. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.