■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY ARGENTINA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered May 26, 1988, convicting him of criminal possession of a weapon in the third degree (two counts), driving while impaired, aggravated unlicensed operation of a vehicle in the second degree, and speeding, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Baker, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

After having lawfully stopped the motor vehicle operated by the defendant for speeding *(see, People v Ingle,* 36 NY2d 413; *People v Talbert,* 107 AD2d 842), State Trooper Tyler observed a knife, in plain view, on the passenger's seat, which he erroneously believed was a switchblade knife. Trooper Tyler advised his partner Trooper Scoon about the knife, who, in turn, directed the defendant to step out of the vehicle. When the defendant complied with this proper directive *(see, Pennsylvania v Mimms,* 434 US 106, 110; *People v David L.,* 56 NY2d 698; *People v Hines,* 102 AD2d 713, 714, *appeal dismissed* 64 NY2d 648; *People v Marin,* 80 AD2d 541), Trooper Scoon observed an ax handle on the floor behind the driver's seat, which he removed. Trooper Tyler characterized the ax handle as a bludgeon. He arrested the defendant and informed him that the charge was possession of a switchblade knife.

Thereafter, the defendant and the interior of the car were searched. Trooper Tyler removed a loaded .22 caliber revolver from the pocket of defendant's pants and a dagger from the glove compartment.

The defendant contends that the hearing court should have suppressed the physical evidence seized incident to his arrest as the tainted fruits of an arrest that was not predicated upon probable cause. We disagree.

Both Federal and State decisional law permit the seizure of articles which come into an officer's plain view from a lawfully obtained vantage point *(Coolidge v New Hampshire,* 403 US 443, 466, *reh denied* 404 US 874; *People v Baldanza,* 138 AD2d 722, 723; *People v Thomas,* 125 AD2d 895, 897). Furthermore, it is a misdemeanor to possess a switchblade knife (Penal Law § 265.01 [1]) without a license (Penal Law § 265.20 [6]). Consequently, the observation of such a knife, in plain view, constitutes probable cause to arrest the person possessing it *(see, People v Landy,* 59 NY2d 369).

In the instant case, the Trooper Tyler's mistaken identification of the knife as a switchblade would not invalidate the defendant's arrest *(see, People v Fabian,* 126 AD2d 664), provided "the facts and circumstances known to the arresting [trooper] would warrant a reasonable person, who possesses the same expertise as the [trooper], to conclude, under the circumstances" that the knife was a switchblade *(People v Bittner,* 97 AD2d 33, 36). Trooper Tyler testified that he believed the closed folding knife, with an eight-inch wooden handle and a six-inch blade, was a switchblade knife, based upon his observation of such weapons in the past. A switchblade knife is defined as "any knife which has a blade which opens automatically by hand pressure applied to a button, spring or other device in the handle of the knife" (Penal Law § 265.00 [4]). Although Trooper Tyler candidly conceded that he did not see anything on the wooden handle that was characteristic of a switchblade knife, the weapon, as described by Trooper Tyler, possessed general features common to such knives. Under these circumstances, the court correctly found that Trooper Tyler's belief that the knife was a switchblade was reasonable, albeit erroneous.

Thus, Trooper Tyler had probable cause to arrest the defendant for committing the crime of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). Moreover, the fact that this charge was subsequently dismissed does not render the arrest unlawful *(see, People v Loria,* 10

NY2d 368, 373; *People v Molloy,* 22 AD2d 814, *affd* 17 NY2d 431). Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.