■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CLARKE, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered October 24, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree, after a nonjury trial, and sentencing him to concurrent indeterminate terms of 12½ years to life imprisonment for criminal sale of a controlled substance in the third degree and for each conviction of criminal possession of a controlled substance in the third degree, and 7½ to 15 years imprisonment for criminal possession of a controlled substance in the fourth degree, and a concurrent definite term of 1 year imprisonment for criminally using drug paraphernalia in the second degree, and directing the defendant to pay restitution in the amount of $100 to the Rockland County Narcotics Task Force. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized from the defendant.

Ordered that the judgment is modified, on the law, by vacating so much of the sentence as directed the defendant to pay restitution to the Rockland County Narcotics Task Force; as so modified, the judgment is affirmed.

The defendant contends, *inter alia,* that the physical evidence against him should have been suppressed because the police chased and arrested him without probable cause, and the police improperly searched his motel room the following day without a warrant. We disagree.

The police chased the defendant because they believed him to be Alfred Walker, for whom they had a warrant. When the police called out the name "Walker", the defendant and two

other men fled into the room of Linda Ash. Inasmuch as the police had probable cause to arrest Walker, the officers' understandable mistake in chasing and arresting the defendant did not amount to unreasonable action on their part *(see, People v Fabian,* 126 AD2d 664; *Hill v California,* 401 US 797; *People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023). Furthermore, as the defendant and the other two men entered Linda Ash's room, the police heard a gun shot from within the room. Thus, the police had additional probable cause to enter the room *(see, People v Howard, supra).* Moreover, the defendant is without standing to contest the search of Ash's room. Under the circumstances, he had no expectation of privacy while in Ash's room *(see, People v Ponder,* 54 NY2d 160).

The defendant also contends that he was denied the effective assistance of counsel because trial counsel, *inter alia,* failed to adequately seek suppression of the physical evidence. Although the pretrial omnibus motion made by defense counsel did contain a paragraph requesting the suppression of illegally seized evidence, it did not contain any factual allegations in support of that branch of the motion. However, even if the facts were stated, suppression would not have been granted, and it cannot be said that any failure in this respect constituted ineffective assistance *(see, e.g., People v Belgrave,* 143 AD2d 103; *People v Boero,* 117 AD2d 814). None of the defendant's remaining arguments regarding trial counsel's conduct warrant a finding that the defendant was denied meaningful representation *(see, People v Baldi,* 54 NY2d 137).

At the time the sentence was imposed, the court lacked authority to direct the defendant to make restitution of the $100 expended during an undercover drug sale involving the defendant *(see, People v Rowe,* 75 NY2d 948; *People v Williams,* 171 AD2d 713). Since this restitution was unauthorized under Penal Law § 60.27, that provision of the sentence must be vacated. We note that Penal Law § 60.27 was amended effective November 1, 1991, to authorize restitution to law enforcement agencies for unrecovered funds used in the purchase of drugs as part of investigations leading to convictions *(see,* Penal Law § 60.27 [9]).

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Santucci, JJ., concur.