(July 20, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN HARRIS, Appellant. [629 NYS2d 830] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered December 23, 1992, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

On March 10, 1992, Barbara Kelly summoned officers of the City of Elmira Police Department to Burger King where she advised them that she had been threatened. The police transported her to the police department and began to take a statement from her concerning the alleged harassment by defendant. Defendant independently arrived at the police department while the criminal complaint was being prepared. He was then arrested for harassment, handcuffed and, subsequent to his arrest, strip searched. During the strip search, cocaine was discovered in his buttocks.

A *Mapp* hearing was held on August 24, 1992 (*see*, *Mapp v*

*Ohio*, 367 US 643) and pursuant to defense request, reopened and held on November 16, 1992. At the conclusion of the second *Mapp* hearing, County Court ruled, *inter alia*, that the strip search was conducted incident to defendant's arrest in compliance with relevant police department rules. On November 17, 1992, the date jury selection was to commence, defendant withdrew his previous not guilty plea and entered a plea of guilty to the indictment upon the District Attorney's offer of a sentencing cap of 2 to 6 years in prison.

Thereafter, on December 17, 1992, the People filed a second felony offender statement. Since defendant's predicate status was inconsistent with the agreement reached with the District Attorney's office, County Court afforded defendant the opportunity to withdraw his plea. On December 23, 1992, defendant withdrew his plea to the original charge and entered a plea of guilty to an amended offer of attempted criminal possession of a controlled substance in the third degree with a recommended prison sentence of 3 to 6 years. Defendant was sentenced to that term.

On this appeal, defendant contends, *inter alia*, that the indictment should be dismissed since the evidence against him was obtained illegally and the arrest was simply a pretext for the search. We disagree. The record reflects that Kelly called the police, complained about harassment by defendant and disclosed to the police that defendant possessed cocaine, that he had been selling it and that she knew where he normally secreted it. Hence, defendant was thereafter arrested and searched. On this record, we find that since the arrest was lawful and defendant was to be placed in detention, the full search of his person, including a strip search, was appropriate (*see, People v Perel*, 34 NY2d 462) and reasonable under the 4th Amendment (*see, United States v Robinson*, 414 US 218). Hence, contrary to defendant's contention, the record fails to reveal any "ruse" engaged in by police agencies to avoid constitutional procedural requirements.

Similarly unavailing is defendant's contention that based on the totality of the circumstances involving the entry of his plea, he should have been sentenced to a reduced charge. The potential status of defendant as a second felony offender was raised as early as the arraignment. Both the District Attorney and defense counsel admitted that further investigation needed to be conducted. Subsequent to the entry of the plea and prior to sentencing, the People determined that defendant was, indeed, a second felony offender. As defendant's status as a second felony offender would, upon his plea, have subjected

him to a prison sentence of at least $4^1/_2$ to 9 years, County Court appropriately provided him with a full opportunity to withdraw the plea. He was therefore advised, upon the new plea arrangement, that his sentence would be 3 to 6 years. As the trial court must sentence defendant as a second felony offender and since the sentence imposed is the most lenient sentence possible for the conviction of a class C felony (*see,* Penal Law § 70.06 [3] [c]; [4] [b]), we find the sentence entirely proper (*see, People v Scarbrough,* 66 NY2d 673; *People v May,* 180 AD2d 974).

We have considered defendant's remaining contentions and find them unpersuasive.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed.