■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS A. HODGES, Appellant. [666 NYS2d 245] —Spain, J. Appeal from a judgment of the County Court of Broome County (Pines, J.), rendered September 19, 1996, upon a verdict convicting defendant of the crime of burglary in the third degree.

In June 1993 defendant was indicted for burglary in the third degree stemming from an allegation that on or about January 16, 1993, he did knowingly enter and unlawfully remain in Metro Motors, located at State Route 12A in the Town of Chenango, Broome County, with an intent to commit a crime therein. After a jury trial defendant was convicted as indicted and was sentenced as a second felony offender to a prison term of 3½ to 7 years. Defendant appeals.

We affirm. Initially, viewing the evidence in a neutral light (*see, People v Carthrens,* 171 AD2d 387), we are satisfied that the jury did not fail "to give the evidence the weight it should be accorded" (*People v Bleakley,* 69 NY2d 490, 495). Here, the testimony adduced at trial reveals that at approximately 1:00 A.M. on January 16, 1996, a neighbor saw three men in front of Metro Motors, heard breaking glass and saw a car parked in a lot across the street from Metro Motors; in response to hearing the sound of glass breaking for the second time, she called the police. The State Trooper who responded to a radio bulletin regarding a report of breaking glass at Metro Motors testified that he arrived at the scene shortly after 1:00 A.M. whereupon he noticed only one occupied car in the area, parked in a lot across the street from Metro Motors. The Trooper approached the car and found defendant and his two codefendants crouched down; further, he observed that the driver of the vehicle, codefendant Jeffrey Wilson, had fresh cuts on his hands, and that there were five $1 bills in plain view on the back passenger-side floor, at defendant's feet. Wilson also testified on behalf of the People and recounted that defendant suggested that the three break in to Metro Motors. Wilson further testified that he had assisted defendant and a third individual break a

window at Metro Motors and that defendant had entered the building to get money and a toolbox.

Next, although unpreserved for appellate review (*see, People v Robinson*, 88 NY2d 1001; *People v Hubert*, 238 AD2d 745, *lv denied* 90 NY2d 859; *People v Southwick*, 232 AD2d 755, *lv denied* 89 NY2d 930), we reject defendant's contention that County Court's failure to charge the jury of the accomplice corroboration rule constitutes reversible error. In our view, the sum of the independent testimony of the neighbor and the Trooper was sufficient to corroborate the testimony of defendant's accomplice (*see, People v Dennis*, 210 AD2d 803, *lv denied* 85 NY2d 937; *People v Williams*, 195 AD2d 889, *lv denied* 82 NY2d 808).

Next, we find merit in defendant's contention that County Court erred by allowing introduction of the dollar bills found in his vehicle. The record reveals that during the course of the suppression hearing in May 1996, defense counsel moved to suppress the dollar bills taken from the back seat of defendant's car by the State Police. In response, the People informed the court that they had no intention of offering the money as evidence at trial; defendant's counsel then noted on the record, "[b]ased on that position, I will not enter such motions". Notably, there is no indication in County Court's written order that said evidence was suppressed (*see,* CPL 710.60 [2] [b]). Thereafter, at defendant's request, a new attorney was assigned to represent defendant. Defendant's new counsel then made a new omnibus motion seeking, *inter alia*, to suppress the dollar bills; the motion was opposed by the People and denied by County Court. During the trial, over objection from defense counsel, the bills were admitted into evidence. In our view, although County Court erred by not suppressing the dollar bills (*see,* CPL 710.60 [2] [b]; *People v White*, 73 NY2d 468, 475-476, *cert denied* 493 US 859), we conclude that the error was harmless, especially in light of the strong proof against defendant.

Further, we reject defendant's contention that County Court improperly denied his motion to suppress his statements to the police. Here, the record reveals that shortly after the three men were apprised of their *Miranda* rights, defendant told his codefendants to shut up, not say anything, and that he would get lawyers for them. Defendant's contention that he was expressing his fundamental right to remain silent and that introduction of the statement violated that right is unconvincing. We agree with County Court that the statement was voluntary and spontaneous and, therefore, we will not disturb County Court's determination, which is entitled great defer-

ence (*see, People v Layboult*, 227 AD2d 773, 775; *People v Cline*, 192 AD2d 957, 958, *lv denied* 81 NY2d 1071).

Finally, defendant's sentence was neither harsh nor excessive and therefore should not be reduced in the interest of justice (*see, People v Simon*, 180 AD2d 866, *lv denied* 80 NY2d 838). County Court considered defendant's extensive prior criminal record, the nature of the crime and the probation report; therefore, we decline to disturb the sentence.

We have reviewed defendant's remaining contentions and conclude that they are either unpreserved for appellate review or without merit.

Crew III, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.