■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO TEJADA, Appellant. [704 NYS2d 365] —Cardona, P. J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered April 15, 1999, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

This case stems from a traffic stop resulting in defendant's detention and arrest. The relevant facts are drawn from the suppression hearing. On December 22, 1998, defendant was one of several passengers in a car which was stopped for traffic infractions by State Troopers Mathew Johnstone and Kevin Reimer in the Town of Mamakating, Sullivan County. Johnstone asked the driver to exit the vehicle when he did not produce either a driver's license or registration. Johnstone requested the driver's name, date of birth, where he was coming from and his destination. He asked him who owned the vehicle and the names of the passengers. Johnstone further inquired about damage to the rear passenger side and tail light of the automobile. The driver identified himself as Steven Lister, the front seat passenger (defendant) as Pedro Tejada, and the back seat passengers as Brian Larsen and Jessica Roman. In reference to the damage, Lister stated that he was involved in an accident somewhere on the highway but that he did not know the location. When Johnstone asked the man identified as Larsen for his name, he indicated Matthew Maseppa. Defendant told Johnstone that his name was Pedro J. Tejada and his date of birth was February 17, 1967.

When none of the occupants could produce any form of identification, the Troopers had their dispatcher run a license and warrant check on the names and dates of birth of all four of the adult occupants (there was one child) to determine the car's ownership and if anyone had a valid driver's license. It was determined that Lister had a valid license; however, the warrant check revealed outstanding arrest warrants for Maseppa and for a "Pedro Tejada." The so called "hit" on Tejada, which gave only first and last names but not a middle initial, described him as a black or Hispanic male 5 feet 9 inches tall, weighing 150 pounds, with a date of birth of February 10, 1967. Defendant is a Caucasian Hispanic male 5 feet 11½ inches tall who weighed about 241 pounds at the time of this detention. The Troopers placed both Maseppa and defendant under arrest and took them to the police station. During a subsequent strip search of defendant, Johnstone discovered a plastic sandwich bag containing a substance in excess of one-half ounce which tested positive for cocaine. Thereafter, Johnstone learned from Reimer that there were two Pedro Tejadas with dates of birth seven days apart. Later that day, fingerprint analysis confirmed that defendant was not the subject of the particular arrest warrant. While defendant was in custody at the station, a State Police investigator obtained a written statement from him in which he admitted possession of the cocaine.

Defendant was indicted for criminal possession of a controlled substance in the third degree. County Court denied defendant's motion to suppress his statement and the drugs seized from his person. Defendant pleaded guilty to the charge and was sentenced to a term of 2 to 6 years in prison.

First, we note on this appeal that defendant concedes the validity of the initial stop of the vehicle. He contends, however, that his detention for the warrant check was unlawful. We disagree. Johnstone was authorized to direct defendant to step out of the car during the traffic stop (*see, People v Robinson*, 74 NY2d 773, 775, *cert denied* 493 US 966). Furthermore, under the circumstances herein, Johnstone was justified in asking defendant for his name and date of birth as part of a reasonable request for information and detaining him until the radio check was completed (*see, People v Banks*, 85 NY2d 558, *cert denied* 516 US 868; *People v Milaski*, 62 NY2d 147). The record reveals that Johnstone's conduct never exceeded a request for information. The questioning during the initial detention was neither invasive nor focused on possible criminality (*see, People v Hollman*, 79 NY2d 181, 185). Under all of the circumstances, we find that defendant was not detained in violation of his constitutional rights.

We next address defendant's arrest based on mistaken identity. It has been observed that "[t]he arrest of a person who is mistakenly thought to be someone else is valid if the arresting officer (a) has probable cause to arrest the person sought, and (b) reasonably believed the person arrested was the person sought" (*United States v Glover*, 725 F2d 120, 122, *cert denied* 466 US 905; *see, Hill v California*, 401 US 797, 802). It has also been noted that "[t]he reasonableness of the arresting officers' conduct must be determined by considering the totality of the circumstances surrounding the arrest" (*United States v Glover, supra*, at 122; *see, Hill v California, supra*, at 802; *People v Clarke*, 182 AD2d 695, *lv denied* 80 NY2d 829; *People v Fabian*, 126 AD2d 664, *lv denied* 69 NY2d 1003). Here, defendant concedes that there was probable cause to arrest the subject of the warrant. He argues that Johnstone lacked a reasonable belief that defendant was that person. Given the exact match between the first and last names, the fact that defendant is Hispanic, the seven-day discrepancy in birth dates and defendant's lack of identification, we find that Johnstone reasonably believed defendant was the subject of the warrant despite the height and weight differentials. Accordingly, the arrest was valid.

Finally, contrary to defendant's contention, inasmuch as he was lawfully arrested, the strip search was not unreasonable (*see, People v Revander*, 254 AD2d 625, *lv denied* 92 NY2d 1053; *People v Harris*, 217 AD2d 791, *lv denied* 87 NY2d 846). Accordingly, County Court's denial of defendant's suppression motion was proper.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.