■ The People of the State of New York, Respondent, v Eric More, Also Known as Brian Smith, Appellant. [725 NYS2d 706] —Peters, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered July 15, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, resisting arrest and false personation.

On October 28, 1998, after receiving written consent from a tenant of an apartment located in the City of Troy, Rensselaer County, police officers used a key to gain entry. Expecting to find individuals preparing crack cocaine for sale, they discovered defendant and an adult female on the sofa in the living room and what appeared to be a small amount of crack cocaine and a pipe on a table near them. Also present in the apartment was a young female sleeping in a nearby bedroom.

The police placed defendant and the adult female under arrest and separated them. Defendant was twice asked his name and twice he provided a false response. *Miranda* warnings were not given. Defendant was moved to a bedroom where police conducted a strip search upon him. While initially compliant, he protested and physically scuffled with the officers when asked to reveal certain parts of his body; a plastic bag containing several individually wrapped rocks of crack cocaine was retrieved from defendant's rectum.

Defendant was thereafter taken to the police station. During such transport, defendant blurted out several statements, including a response to an officer's question concerning the reason underlying the struggle. Moreover, after being transported by ambulance from the police station to the hospital, defendant made several additional statements. At no time during either transport or once present in the hospital were *Miranda* warnings articulated. Field testing of the substance found on the living room table tested negative for cocaine, yet laboratory testing of the substance removed from defendant's rectum tested positive.

Defendant was indicted for the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, resisting arrest and false personation. His motion to suppress his oral statements and the physical evidence caused a combined *Huntley/Mapp* hearing to be held shortly before the trial commenced. At the hearing, County Court concluded, after receiving both testimonial and documentary evidence, that the police entered the apartment lawfully and that the arrests for posses-

sion of a controlled substance were based upon the officers' observation, training and experience after the pipe and substance were discovered. Only thereafter was defendant removed to a separate area of the apartment to be searched. The court further concluded that defendant's initial arrest for drug possession provided the requisite basis to proceed with the strip search; another officer arrested him for false personation and endangering the welfare of a child. Upon such findings, the court denied the motion to suppress the physical evidence seized. Defendant's initial incriminating statement, which identified himself as "the soldier, that is why I carry the shit up my ass," was deemed admissible as a spontaneous statement, while his second statement, made in response to an officer's question as to why he physically resisted during the search, was found to be the result of questioning and inadmissible on the People's direct case. Three statements of defendant which were made while at the hospital were found to be spontaneous and therefore admissible.

After a jury trial defendant was convicted as indicted and sentenced as a second felony offender.[1] He contends on appeal that his arrest was merely a pretext for the strip search. We disagree. According great deference to the findings made by County Court at a suppression hearing (see, People v Prochilo, 41 NY2d 759, 761; see also, People v Fells, 279 AD2d 706, 709, lv denied 96 NY2d 758), especially when the officer's testimony is found to be credible and no contrary proof is offered, we note at the outset that no search warrant was needed since the police obtained prior voluntary consent from a party possessing the requisite authority or control over the premises (see, People v Adams, 53 NY2d 1, 7). Thereafter assessing the reasonableness of an arresting officer's conduct by considering the totality of the circumstances surrounding the arrest, combined with the officer's experience and training, we agree with County Court that these officers' observation of a pipe and a white substance believed to be cocaine constituted reasonable cause to place defendant under arrest. The fact that the material tested negative for a controlled substance did not vitiate the arrest (see, CPL 140.10 [1]; People v Tejada, 270 AD2d 655, 657, lv denied 95 NY2d 805).

Defendant's challenge to the search of his person is similarly

---

1. Defendant was sentenced to concurrent prison terms of 12½ to 25 years on the conviction for possession of a controlled substance in the third degree, 3½ to 7 years on the conviction for criminal possession of a controlled substance in the fifth degree, one year on the conviction for resisting arrest and 90 days on the conviction for false personation.

unavailing. The New York Constitution requires "that the reasonableness of each search or seizure be determined on the basis of the facts and circumstances of the particular case" (*People v Smith*, 59 NY2d 454, 457). The information police authorities acquired prior to their entry, along with their experience of drug interdiction, justified their decision to conduct a strip search once the pipe with its nearby white substance was discovered within the reach of defendant (*see, id.; see also, Weber v Dell*, 804 F2d 796, *cert denied* 483 US 1020; *Gonzalez v City of Schenectady*, US Dist Ct, ND NY, Apr. 5, 2001, McAvoy, J.; *Shain v Ellison*, 53 F Supp 2d 564; *People v Tejada*, *supra; People v Harris*, 217 AD2d 791, *lv denied* 87 NY2d 846; *People v Warren*, 91 AD2d 1007).[2]

As to the admission of defendant's oral statements, spontaneous statements made while in custody which are not the product of questioning or its functional equivalent are clearly admissible regardless of whether *Miranda* warnings were given (*see, People v Torres*, 21 NY2d 49, 54). Here, County Court properly distinguished between spontaneous statements and those which were the product of questioning or its functional equivalent as evidenced by the exclusion of a statement made by defendant in response to an officer's inquiry. Further accepting the officer's testimony as credible regarding the circumstances under which the remaining oral statements were made, we can find no basis upon which we would disturb County Court's determination (*see, People v Hodges*, 244 AD2d 794, *lv denied* 91 NY2d 973).

Now assessing whether the jury's verdict convicting defendant of criminal possession of a controlled substance in the third degree was against the weight of the evidence, we note that the verdict must remain undisturbed unless the record reveals that it is clearly unsupported (*see, People v Maxwell*, 260 AD2d 653, *lv denied* 93 NY2d 1004). Although defendant asserts that he possessed the drugs for personal use, their quantity and packaging, coupled with defendant's statement that he was only a soldier, is in our view sufficient to infer the requisite intent to sell and support the verdict. Further viewing the evidence in a neutral light (*see, People v Carthrens*, 171 AD2d 387) and mindful that it was not refuted by any

2. While affirming the validity of the search, we take this opportunity to express our concern regarding the officers' determination to conduct a strip search in a private residence. Public policy considerations may well dictate that, absent exigent circumstances, such demeaning and intrusive procedure occur in a more controlled environment where supervisory staff are present and strict adherence to protocol can be insured.

testimonial or documentary evidence propounded by defendant, its probative force and the possible inferences that could be drawn therefrom fully support the finding that he knowingly and unlawfully possessed a controlled substance with intent to sell (*see, People v Mitchell*, 208 AD2d 992, 994, *lv denied* 84 NY2d 1035).

Briefly addressing defendant's last viable contention that a *Rosario* violation occurred when County Court denied his request to acquire the minutes of the suppression hearing (*see, People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866), we note that defendant requested these minutes from the People on the day after the suppression hearing—the day the trial began—and that the record does not indicate if they had yet been transcribed or were in the People's possession or control (*see, People v Kelly*, 88 NY2d 248, 252). Under these unique facts, where the hearing transcript is equally available to the defense as it is to the prosecution, defendant will be left to bear the burden for its acquisition (*see, People v Tchilingurian*, 163 AD2d 436, *lv denied* 76 NY2d 866).

Having reviewed and rejected all remaining contentions, including those challenging the sentence, we affirm.

Mercure, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.