THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. SWAN, Appellant.

Fourth Department, July 21, 1987

---

**APPEARANCES OF COUNSEL**

*Michael P. Nevins* for appellant.

*Levant M. Himelein, III, District Attorney,* for respondent.

**OPINION OF THE COURT**

Per Curiam.

■ A reversal is required because the defendant was denied his constitutional right to waive a jury trial. Even in the absence of that obvious defect in these proceedings, a reversal would be required because defendant was denied his right to a fair trial.

On the evening of August 30, 1982, the defendant shot and killed New York State Trooper Gary Kubasiak who was responding to information that there was a domestic disturbance at defendant's home in Cattaraugus County. After shooting Trooper Kubasiak three times with a rifle, defendant attempted to fire the weapon at two other officers who had accompanied Trooper Kubasiak to the scene. One of those officers shot and wounded defendant, who then surrendered. Defendant interposed an insanity defense and the critical issue at trial was defendant's mental state at the time of the shooting. The jury convicted defendant of murder in the first degree (Penal Law § 125.27 [1] [a] [i]), murder in the second degree (Penal Law § 125.25 [1]), two counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]), two counts of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), and two counts of criminal use of a firearm in the first degree (Penal Law § 265.09).

On April 9, 1984, during jury selection, defendant executed

in the presence of the Trial Judge a written waiver of jury trial, which was thereafter submitted in open court and is part of the record on appeal. The court disapproved the waiver, but failed to state upon the record its reasons for such disapproval. That was error.

A defendant has a constitutional right to waive trial by jury in all criminal cases, except those in which the crime charged may be punishable by death (NY Const, art I, § 2; *People v Davis*, 49 NY2d 114; *People v Duchin*, 12 NY2d 351). This defendant could not be subjected to the death penalty on conviction of any of the crimes charged in this indictment *(see, People v Davis*, 43 NY2d 17; *see also, People v Smith*, 63 NY2d 41, *cert denied* 469 US 1227). Thus, subject only to compliance with statutory conditions enacted pursuant to constitutional authority *(see,* NY Const, art I, § 2), and the exercise of limited discretion by the trial court, this defendant had an absolute right to a trial without a jury. Those conditions and the court's discretionary power are found in CPL 320.10. Subdivision (2) thereof provides: "Such waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court. The court must approve the execution and submission of such waiver unless it determines that it is tendered as a stratagem to procure an otherwise impermissible procedural advantage or that the defendant is not fully aware of the consequences of the choice he is making. If the court disapproves the waiver, it must state upon the record its reasons for such disapproval."

It is clear from that statutory language that the court's discretion to reject the waiver is carefully circumscribed *(see, People v Firestone*, 111 AD2d 696, 698-699; *see also, People ex rel. Rohrlich v Follette*, 20 NY2d 297, 300-301; *People v Duchin*, 12 NY2d 351, 353, *supra),* and when such discretion is exercised, the court must state its reasons upon the record. If there was justification here for the court's refusal to permit defendant to be tried by a Judge without a jury, it is not apparent in the record. Absent any statement by the court as to the basis for its action, we can only conclude that the defendant was denied a right guaranteed to him under the Constitution of this State.* He is entitled to a new trial.

---

* We recognize that subdivision (1) of CPL 320.10 purports to preclude a defendant from waiving a jury trial "where the indictment charges the crime of murder in the first degree". When that language was incorporated into the statute *(see,* L 1974, ch 367, § 15), the Legislature also enacted

Although it is unnecessary to do so, it is nevertheless prudent to review defendant's other claims of error. After defendant was rebuffed in his attempt to waive a jury, selection of the jury was completed, and the trial commenced on April 17, 1984. Defendant escaped on May 22, 1984 and the jury was advised that he was no longer in custody. The parties agree that the escape and the ensuing manhunt generated extensive media attention and publicity. On May 29, 1984, following defendant's capture, defense counsel moved for a mistrial. He argued that the jurors' exposure to the publicity was "substantial" and he further asserted that one of the jurors, upon learning of defendant's escape, was "visibly upset" and "asked the court whether she was safe", and whether "it was safe for her to leave the courthouse". Counsel further claimed that another juror "refused to go down the stairs by herself" because she was afraid that defendant was hiding in the stairwell. Alternatively, counsel requested that the jury be examined to determine "how much exposure there has been and whether, in fact, this particular jury can proceed in a fair and impartial manner to determine the evidence in this case". Without responding directly to the various claims made by counsel, the court denied the motion for a mistrial and refused to voir dire the jury.

The trial resumed, but when it became doubtful on June 8, 1984 that defendant was competent to continue, the matter was adjourned for 10 days for the purpose of determining defendant's fitness to proceed. On June 18, 1984, the trial was further adjourned to July 2, 1984, at which time defendant was found to be unfit to proceed and was committed to the custody of the Commissioner of Mental Hygiene. On July 16, 1984, defendant moved for a mistrial on the ground that it was physically impossible to proceed due to defendant's continuing incapacity. The motion was denied, with leave to renew, by order dated July 20, 1984.

On September 12, 1984, after a competency hearing, the

---

Penal Law § 60.06 which mandated a sentence of death for a conviction of murder in the first degree (see, L 1974, ch 367, § 2). Thus, subdivision (1) of CPL 320.10 was not then effectively inconsistent with the provision of article I, section 2 of the NY Constitution which authorizes a waiver of jury trial except where the crime charged may be punishable by death. It became inconsistent, however, when the Court of Appeals held in *People v Davis* (43 NY2d 17) that the death penalty statute was unconstitutional. Obviously, the unambiguous language of the Constitution is controlling here.

court determined that defendant was no longer incapacitated and that "the criminal action against him must proceed". Thereupon the court stated: "The next question we have to take up is the question of whether or not this jury is tainted in any way so that it cannot continue to sit in this action".

The District Attorney was the first to respond to the court's inquiry. He announced that he would join a defense motion to voir dire the jury; that he had been wrong in opposing the defense request for a voir dire after defendant's escape and would withdraw that objection; and that "I think maybe there is an obligation here to have the jurors in one by one just to ask them if any of the publicity the escape generated or any of the—their understanding of the delay because of these competency proceedings is going to have any influence on them and would they still be willing to hear the case only on the basis of the testimony they hear in the courtroom". The defendant then renewed his motion for a mistrial and in connection therewith again requested that the court "voir dire each and every juror" because of the potential for prejudice arising from the delay of the trial for approximately "100 days". The court denied defendant's motion for a mistrial and, inexplicably, denied the application of both counsel for a voir dire of the jury. The trial resumed on September 13, 1984 and on September 29, 1984 the jury returned its verdict.

█ The court's failure to question the jury, in the circumstances presented, worked to deny defendant a fair trial. It was not only obvious to the District Attorney and to defendant's counsel, but it was also a subject of the court's expressed concern, that the circumstances surrounding the delays in defendant's trial created the potential for prejudice. It was essential to an intelligent resolution of defendant's renewed mistrial motion that a voir dire of the jury be first conducted.

It is settled law that the decision whether to declare a mistrial rests in the sound discretion of the trial court, and absent an abuse of discretion, such decision will not be disturbed (CPL 280.10; *Matter of Plummer v Rothwax,* 63 NY2d 243; *People v Ortiz,* 54 NY2d 288). While it is true that neither delay nor extensive publicity necessarily requires the declaration of a mistrial, the ultimate question is whether the jury remains capable of rendering "a fair and objective verdict according to the evidence" *(People v Genovese,* 10 NY2d 478, 485). That question is unanswerable on this record because in the absence of any inquiry by the court, it is impossible to

determine that the jurors were not prejudiced. "It was in the denial of the mistrial without conducting * * * an exhaustive and probing inquiry of each affected juror" that the trial court abused its discretion *(People v Mordino,* 58 AD2d 197, 205).

■ Since there must be a new trial, we need address only one other issue. We reject defendant's claim that the first count of the indictment charging murder in the first degree, in violation of Penal Law § 125.27, must be dismissed. It is well established that murder in the first degree under that section remains a viable substantive crime even though the death sentence has been held to be unconstitutional *(People v Silva,* 69 NY2d 858; *see, People v Davis,* 43 NY2d 17, *supra; see also, People v Smith,* 63 NY2d 41, *cert denied* 469 US 1227, *supra).*

Accordingly, the judgment should be reversed and the defendant should be granted a new trial.

DILLON, P. J., CALLAHAN, GREEN, BALIO and DAVIS, JJ., concur.

Judgment unanimously reversed, on the law, and new trial granted.