The People of the State of New York, Respondent, v James Swan, Appellant.

Fourth Department, June 22, 1990

---

### APPEARANCES OF COUNSEL

*Howard Broder* for appellant.

*Levant M. Himelein, III, District Attorney,* for respondent.

### OPINION OF THE COURT

CALLAHAN, J.

Following a retrial *(see, People v Swan,* 130 AD2d 6, *lv denied* 70 NY2d 804), defendant was convicted of murder in the first degree; attempted manslaughter in the first degree; attempted murder in the first degree; and two counts of criminal use of a firearm, first degree. These convictions stem from the shooting homicide of New York State Trooper Gary Kubasiak and the attempted shootings of Troopers Timothy Howard and George Berger on August 30, 1982. These troopers had responded to a call of a domestic dispute between defendant and his mother. Kubasiak was shot three times with a rifle while in the house attempting to talk with defendant. Defendant was then wounded in an exchange of shots with the other officers. At trial defendant interposed an insanity defense. The jury, by their verdict, rejected defendant's insanity defense and found defendant guilty of the murder of Gary Kubasiak, attempted manslaughter for the attempted shooting of George Berger, attempted murder for the attempted shooting of Timothy Howard and for the criminal use of the firearm.

At the outset, we find no merit to defendant's contention that the indictment was invalid because the matter was presented to a Grand Jury that had been in recess and which had been reconvened by the District Attorney without court order *(see,* CPL 190.15 [2]). There is no indication in the record that another Grand Jury had been designated for the next term of the superior court *(see,* CPL 190.15 [1]). A Grand Jury is considered "recessed" only when it has completed all of its business or when replaced by another Grand Jury *(see,* 1 Waxner, New York Criminal Practice ¶ 8.4). Thus, defendant

was indicted by a lawfully sitting Grand Jury and his motion to dismiss the indictment was properly denied.

■ Supreme Court did not err in failing to order *sua sponte* a competency examination pursuant to CPL 730.30 (1) to determine defendant's fitness to proceed with the retrial. Defendant's prior conviction was reversed by this court on grounds unrelated to defendant's competency *(People v Swan, supra,* at 9-10). Although defendant had previously been adjudicated incompetent during the first trial, he was later adjudicated competent and that trial proceeded to verdict. There is nothing in this record to indicate any bizarre, erratic, or inappropriate behavior by defendant during the retrial. Moreover, there was no indication from defendant's attorneys that he was unable to communicate with them or otherwise aid in his defense. Thus, there was no need for the court to order a competency examination *(see, People v Clickner,* 128 AD2d 917, *lv denied* 70 NY2d 644; *People v Arnold,* 113 AD2d 101, 102).

■ Defendant contends that he was denied a fair trial on his insanity defense by virtue of the "prosecutor's vivid interjection of the specter of [defendant's] post verdict release". He maintains that this was accomplished by virtue of a prosecution witness' reference to John Hinckley and the introduction of defendant's statement that "You can do anything you want to as long as you go for psychiatric help". The record confirms that the prosecutor did not purposefully elicit the reference to Hinckley; rather, the witness made the reference in order to establish a time frame and the background giving rise to defendant's statement that "You can do anything you want to as long as you go for psychiatric help". That statement was clearly admissible to rebut defendant's insanity defense by showing defendant's understanding of how feigned insanity could be to his advantage *(see, People v Santarelli,* 49 NY2d 241, 248-249, *rearg denied* 49 NY2d 918).

■ The prosecutor's cross-examination of defendant's psychiatrist concerning his testimony at prior retention hearings was proper. A psychiatrist giving testimony in support of a defense of lack of criminal responsibility by reason of mental disease or defect may be cross-examined as to any matter bearing on his competency or credibility or the validity of his diagnosis or opinion (CPL 60.55 [1]). Clearly, an expert's track record is probative of his competence and expertise *(see, United States v Terry,* 702 F2d 299, 316, *cert denied sub nom. Williams v United States,* 461 US 931).

■ We agree with defendant's claim that the trial court erred in informing the jury, at the close of the People's case, that defendant's motion to dismiss on the grounds of insufficient evidence had been denied by the court *(see, People v Balkum,* 94 AD2d 933, 934). However, in the circumstances of this case, the error was harmless *(People v Crimmins,* 36 NY2d 230). The court's statement came before any psychiatric testimony had been heard. The fact that defendant shot and killed Trooper Kubasiak was not seriously in dispute; the critical issue at trial was defendant's mental state at the time of the shooting. Since the proof of defendant's shooting and killing Trooper Kubasiak was overwhelming and no evidence had as yet been presented with respect to defendant's insanity defense, the court's erroneous advisement to the jury does not require reversal of defendant's conviction.

■ The court did not err in permitting the introduction into evidence of defendant's statement made at the hospital. The record supports the conclusion that this statement was clearly spontaneous *(see, People v Howard,* 60 NY2d 999, 1001; *People v Rivers,* 56 NY2d 476, 479, *rearg denied* 57 NY2d 775; *People v Lynes,* 49 NY2d 286, 295; *People v Maerling,* 46 NY2d 289, 302-303).

■ Defendant contends that the enhanced sentence he received after retrial and reconviction following a successful appeal violates his State constitutional right of due process. It is true that where a defendant has successfully appealed from his original judgment of conviction, the Due Process Clause prohibits the imposition, after retrial, of a greater sentence which is motivated by vindictiveness *(see, North Carolina v Pearce,* 395 US 711; *People v Miller,* 65 NY2d 502, *cert denied* 474 US 951). The Due Process Clause of the NY Constitution requires the application of a presumption of vindictiveness as a procedural safeguard against punitively tougher sentences *(People v Van Pelt,* 76 NY2d 156 [June 5, 1990]). In order to justify the imposition of an enhanced sentence, the resentencing court must articulate cognizable reasons occurring subsequent to the first sentence, sufficient to overcome the presumption of institutional "vindictiveness" enunciated in *Pearce* and *Miller (see, People v Van Pelt, supra)*.

Upon conviction after the first trial, defendant was sentenced to consecutive, indeterminate terms of imprisonment aggregating 35 years to life. Upon conviction after the second trial, defendant was sentenced by a different Judge to consecutive, indeterminate terms of imprisonment aggregating 42

years to life. However, the increased sentence results from the additional time defendant must serve for the conviction of attempted murder, first degree. After the first trial, that Judge sentenced defendant to an indeterminate term of imprisonment of 5 to 15 years on that conviction. This was an illegal sentence inasmuch as attempted murder, first degree, is a class A-I felony *(see,* Penal Law § 110.05) for which the minimum sentence is a term of 15 years to life *(see,* Penal Law § 70.00 [2] [a]; [3] [a] [i]).

Although defendant received a greater sentence following retrial and conviction, it is clear that the enhanced sentence was the result of the correction of an illegal and improper sentence imposed by the first sentencing Judge on defendant's prior conviction of attempted murder in the first degree. It is well established that an invalid sentence cannot be allowed to stand *(see, People v Price,* 140 AD2d 927, 928, *appeal withdrawn* 72 NY2d 913). Here, defendant received the sentence he should have received following his original conviction. In such circumstances the presumption of vindictiveness does not apply *(see, People v Van Pelt, supra).*

Accordingly, the judgment should be affirmed.

DILLON, P. J., GREEN, DAVIS and LOWERY, JJ., concur.

Judgment unanimously affirmed.