■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON HENRIQUEZ, Appellant. [48 NYS3d 142]—

---

* Plaintiff was the defendant in the English action.

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered September 8, 2014, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 13 years, unanimously affirmed.

The court providently exercised its discretion when it denied defendant's request for missing witness charges concerning three eyewitnesses to the stabbing. The People sufficiently established that the victim's half brother, who was present at the stabbing but whose contacts with the victim were very limited, was unavailable (see People v Savinon, 100 NY2d 192 [2003]). His whereabouts were unknown by the time of trial, and the People, despite diligent efforts, including attempts to serve him with a subpoena at his last known address, could not locate him, and could not procure his attendance. Thus, the record establishes that the People did not "merely go through the motions of asking [the] witness to testify," with the "ulterior goal of keeping the witness off the stand" (id. at 200; see People v Brooks, 62 AD3d 511, 511 [1st Dept 2009], lv denied 12 NY3d 923 [2009]). Regarding the two other eyewitnesses, defendant failed to establish that they were in the People's control for purposes of a missing witness charge, regardless of whether they were available. Even if they were friends of the victim's half brother, there was no evidence that they were friends of the victim; on the contrary, there was evidence that they were neighbors and friends of defendant.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters of strategy not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies with regard to a prior consistent statement by the victim and related matters fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case (see People v Gross, 26 NY3d 689, 694 [2016]; see also People v Ludwig, 24 NY3d 221, 230 [2014]).

The court properly denied defendant's request for new counsel, made just before trial, and renewed just after trial was under way (*see People v Arroyave*, 49 NY2d 264, 270-272 [1980]). The court conducted an adequate inquiry into defendant's request (*see People v Sides*, 75 NY2d 822, 824 [1990]; *see also People v Linares*, 2 NY3d 507, 510 [2004]). The record does not demonstrate any serious dispute between defendant and his retained counsel, other than an issue about payment of fees, which was satisfactorily resolved (*see People v Kolon*, 37 AD3d 340, 341 [1st Dept 2007], *lv denied* 8 NY3d 947 [2007]), and defendant's claim of a conflict is unavailing.

We perceive no basis for reducing the sentence. Concur— Andrias, J.P., Feinman, Gische and Gesmer, JJ.