People v Cagan (2020 NY Slip Op 00352)





People v Cagan


2020 NY Slip Op 00352


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10790 1951/13

[*1] The People of the State of New York, Respondent,
v
Alphonso Cagan, Defendant-Appellant.


Christina Swarns, Office of The Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (David A. Slott of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered March 13, 2015, convicting defendant, after a nonjury trial, of attempted murder in the second degree, attempted assault in the first degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 20 years, unanimously affirmed.
The record does not cast doubt on defendant's competency to stand trial, and the court was not obligated, sua sponte, to order a CPL article 730 examination (see generally Pate v Robinson, 383 US 375 [1966]; People v Tortorici, 92 NY2d 757 [1999], cert denied 528 US 834 [1999]; People v Morgan, 87 NY2d 878 [1995]). Notwithstanding defendant's obstreperousness with the court, contentiousness with counsel, and "strange notions" about his case, "there was no indication that defendant was unable to understand the proceedings and assist in his defense" (People v Jackson, 39 AD3d 394, 394 [1st Dept 2007], lv denied 9 NY3d 845 [2007], cert denied 553 US 1011 [2008]).
Similarly, the record does not suggest that defendant had a mental condition that would affect his ability to waive counsel and proceed pro se (see People v Stone, 22 NY3d 520, 527-529 [2014]). Accordingly, after conducting an appropriate colloquy, the court properly permitted defendant to represent himself for a portion of the trial.
The court, sitting as trier of fact, properly declined to draw a missing witness inference with regard to the shooting victim, who, by the time of trial, was no longer cooperating with the prosecution and was clearly avoiding the prosecution's reasonably diligent, but unsuccessful efforts to locate him (see People v Gonzalez, 68 NY2d 424, 427 [1986]; People v Henriquez, 147 AD3d 706, 707 [1st Dept 2017], lv denied 29 NY3d 1080 [2017]). Under all the circumstances, including the fact that the People sought to bring in the victim by way of a material witness order, there would have been no logical reason to draw an adverse inference.
The court also properly declined to draw an adverse inference from the deletion of a 911 tape regarding the crime, and defendant's argument under Brady v Maryland (373 US 83 [1963]) is unavailing. Defendant asserts, based on a speculative inference from another police transmission, that the call described the assailant in this case as 20-year-old man, younger than the 46-year-old defendant. However, this is not reflected in the Sprint report for the deleted call.
In any event, there is no reasonable possibility that the court's verdict would have been different if it had chosen to draw either or both of the adverse inferences at issue on appeal.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK