People v Barksdale (2023 NY Slip Op 02744)

People v Barksdale

2023 NY Slip Op 02744

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, Higgitt, JJ. 

Ind. No. 1457/18 Appeal No. 277 Case No. 2020-04627 

[*1]The People of the State of New York, Respondent,
v
Elijah Barksdale, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Bryan S. Furst of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered July 24, 2020, as amended August 24, 2020, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 14 years, unanimously modified, on the law, to the extent of vacating the sentence and remanding the matter for resentencing, and otherwise affirmed.
Defendant's legal insufficiency claim, challenging the element of intent to cause serious physical injury, is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The totality of the evidence regarding events before, during and after the crime, including a surveillance videotape and expert medical testimony, support the conclusion that defendant forcefully slashed the victim's abdomen with a box cutter, and that when he did so, he intended to at least cause serious physical injury, even though the resulting wound was relatively superficial (see People v Gilford, 65 AD3d 840, 841 [1st Dept 2009], affd 16 NY3d 864 [2011]; see also People v Getch, 50 NY2d 456, 465 [1980]).
The court providently exercised its discretion when it denied defendant's request for a missing witness charge for the victim (see People v Gonzalez, 68 NY2d 424, 427-29 [1986]). The People sufficiently established that the victim was unavailable because, despite reasonable efforts, they were not able to locate him or to secure his attendance even if they located him. The People lacked effective contact information for the victim but nevertheless made efforts that were reasonably diligent, particularly in light of his evident refusal to cooperate, which included repeatedly sending officers to his last known address to deliver subpoenas (see People v Henriquez, 147 AD3d 706, 707 [1st Dept 2017], lv denied 29 NY3d 1080 [2017]). The People also adequately established that notwithstanding his crime victim status, this victim was not within their control for missing witness purposes (see People v Gonzalez, 68 NY2d 424, 427-429 [1986]). The victim was uncooperative, rebuffed all attempts to establish contact, and appeared to be assisting defendant in concocting a false exculpatory story (see People v Lopez, 168 AD3d 418 [1st Dept 2019], lv denied 33 NY3d 1033 [2019]; People v Gardine, 293 AD2d 287 [1st Dept 2002], lv denied 98 NY2d 651 [2002]). In any event, any error in this regard was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
As the People concede, defendant is entitled to be resentenced because he had a right to be personally present at his sentencing, and he did not expressly waive that right during the virtual proceeding (see CPL 380.40[1]; People v Stewart, 28 NY3d [*2]1091, 1092 [2016]). Because there is to be a new sentencing, we do not reach defendant's argument concerning the excessiveness of the existing sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023