People v Williams (2024 NY Slip Op 04746)

People v Williams

2024 NY Slip Op 04746

Decided on October 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 01, 2024

Before: Moulton, J.P., Mendez, Higgitt, O'Neill Levy, JJ. 

Ind. No. 0066/13 Appeal No. 2656 Case No. 2019-1814 

[*1]The People of the State of New York, Respondent,
v
Kaseem Williams, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan Sclar of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J. at CPL 730.30 hearing; Michael A. Gross, J. at trial and sentencing), rendered October 29, 2018, convicting defendant, after a jury trial, of criminal contempt in the first degree, criminal obstruction of breathing or blood circulation, and endangering the welfare of a child, and sentencing him, as a second felony offender, to an aggregate prison term of 2 to 4 years, unanimously affirmed.
The court properly found defendant fit to stand trial (CPL 730.10[1]; People v Phillips, 16 NY3d 510, 516-517 [2011]). The court's decision was based on the reports and testimony of two psychiatric examiners who spoke with defendant and examined his medical records (see CPL 730.20[1]). That the examiners interviewed defendant for only about 10 minutes was due to defendant's own refusal to be interviewed (see People v Torres, 194 AD2d 488 [1st Dept 1993], lv denied 82 NY2d 727 [1993]). Defendant's "obstreperousness with the court, contentiousness with counsel, and 'strange notions' about his case" did not establish that he was "unable to understand the proceedings and assist in his defense" (People v Cagan, 179 AD3d 504, 505 [1st Dept 2020], lv denied 35 NY3d 968 [2020]).
The court properly denied defendant's request for a bench trial. Defendant stated that he did not understand the waiver of a jury trial, indicating that he was "not fully aware of the consequences of the choice he [was] making" (CPL 320.10[2]). The court noted defendant's lack of understanding on the record (cf. People v Swan, 130 AD2d 6, 8 [4th Dept 1987], lv denied 70 NY2d 804 [1987]). Moreover, when given a chance to discuss the waiver with his attorney, defendant refused to do so.
The court "properly found that defendant forfeited his right to be present at trial (see CPL 260.20) through his frequent outbursts and interruptions of the proceedings, after the court repeatedly warned him that he would be removed from the courtroom if he continued such behavior" (People v McCray, 165 AD3d 595, 596 [1st Dept 2018], lv denied 32 NY3d 1175 [2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2024