Van Voorhis, J.
In 1947 the defendant pleaded guilty to an indictment charging him with two counts of robbery in the *63 first degree and was sentenced as a second felony offender to 35 to 70 years. In 1953 he was resentenced as a first offender to 30 to 40 years. The 1953 sentence was held to be jurisdictionally excessive in a habeas corpus proceeding and in 1954 the defendant' was resentenced to 20 to 40 years. In 1964 the 1954 sentence was held, in a habeas corpus proceeding, to be defective for failure to state the crime of which the defendant was convicted. On November 10, 1964 the defendant was resentenced, nunc pro tunc as of October 27, 1947, to serve consecutive terms of 10 to 30 years and 5 to 10 years additional punishment for being armed on each count, totaling 30 to 80 years. The Appellate Division found these combined sentences were excessive and modified by providing for consecutive terms of 10 to 20 years on each of the robbery counts and one 5 to 10-year term under section 1905 of the former Penal Law, aggregating 25 to 50 years. He objects to a longer sentence than the 20 to 40 years imposed in 1954.
As the case comes to us the appellant has been sentenced by the Appellate Division, as has been stated, to 25 to 50 years. This sentence is in substitution for the 1954 sentence of 20 to 40 years which was vacated on the ground that the minutes failed to state the crime of which the defendant was convicted as required by section 485 of the Code of Criminal Procedure. On remand he was not to be tried again, for the Appellate Division said in 1965 in denying his application to be set at liberty: “There is no showing that the ministerial mistakes relied on actually prejudiced or tended to prejudice appellant in respect to any substantial right. (See Code Crim. Pro., § 684.) ‘ It is well settled that irregularities or defects in the proceedings for commitment pursuant to a judgment of conviction are not grounds for the discharge of the defendant from the custody of the Warden as long as there is a valid judgment of conviction underlying the commitment. ’ (People ex rel. Harris v. Lindsay, 21 A D 2d 102, 106 and cases cited therein, affd. 15 N Y 2d 751.) ” (People ex rel. Harrington v. McMann, 23 A D 2d 940.)
It is true- that the order, in form, vacated the 20 to 40-year sentence by reason of the omission in the clerk’s minutes to state the nature of the offense, but, as has just been seen, this omission was described by the Appellate Division as a minis *64 terial error that was regarded as capable of correction by reference to the indictment, charge and verdict of the jury which left no uncertainty about the nature of the crime of which he had been convicted. There was no need to set aside the sentence but merely to correct the clerk’s minutes by supplying this ministerial omission. It is plain from the portion of the opinion of the Appellate Division that has been quoted, as well as the rest of the record of what was done, that the sentencing was merely remanded for the purpose of correcting this clerical mistake. To be sure, it is argued on behalf of the People that the situation is similar to that where a sentence is vacated because the term of imprisonment imposed was greater or less than the term prescribed by law (People ex rel. O’Berst v. Murphy, 256 App. Div. 58; People v. Coleman, 264 N. Y. 536; People ex rel. La Mere v. Jackson, 9 A D 2d 843), where the term was of a different type than provided by law (People v. Baumeister, 283 N. Y. 625), where the defendant’s status as a multiple felony offender has been changed by the elimination of a prior conviction (People ex rel. Sloane v. Lawes, 255 N. Y. 112) or some similar situation. In those instances, and others cited by the District Attorney, one may assume that the resentence might be more or less severe than the original sentence had been. The defects above described affect the correctness of the sentence itself. They are an integral part of the sentencing process, with the consequence that the sentence which purports to have been imposed is a nullity that has to be superseded by a new sentence which (whether more or less .severe) shall have been determined by the court in conformity with the law and as the result of an informed judgment after the defendant has had the opportunity to be heard which the law allows (Code Crim. Pro., § 480) and where the record shows that all relevant factors have been taken into consideration.
That is not the situation here. The sentencing Judge was conversant with the record and gave the defendant opportunity to be heard. The sentence which he pronounced was legal and the only defect consisted in the failure of the clerk to make a record in his minutes of the offense after the sentence had been pronounced. Under these circumstances the court had no power to vacate the sentence after imprisonment commenced. *65 nor is it deemed to have done so even though in form the order read in that manner. The opinion and other proceedings indicate that the sentence was not really vacated but that the proceeding was remanded so that the clerk might correct his records so as to support the sentence as it had been imposed. Under these circumstances the sentence should not he deemed to have been impaired. The court lacked power to vacate it once service of the sentence began (People ex rel. Miresi v. Murphy, 253 App. Div. 441; Matter of Cedar v. Judges of Ct. of Gen. Sess., 240 App. Div. 182, affd. without opn. 265 N. Y. 620; former Penal Law, § 2188). The correct interpretation of what was done is made explicit in the opinion in People v. Bradner (107 N. Y. 1,11-13) as follows:
“ The entry in this case does not fully conform to section 485, as it contains no statement of the offense of which the defendant was convicted. Looking at the whole record, which includes the indictment and the minutes of the trial, the fact appears. The question is whether this omission in the entry by the clerk makes the sentence void, so that the case stands as if no judgment had been pronounced, or may the other parts of the record be referred to, and, if found to furnish evidence of the fact omitted in the entry, may this court conform the entry to the fact. * * * we are of opinion that the defect in the entry is amendable on this appeal. * * * In this case the verdict and sentence were lawful, but a defective record of the judgment has been made. * * *
“ The judgment should, therefore, be amended, by inserting a statement of the offense for which the conviction was had, and, as so amended, affirmed.”
That was, in effect, what was done here. There was no occasion or even power to vacate the sentence but the clerk’s minutes should be amended by inserting the nature of the offense in compliance with section 485 of the Code of Criminal Procedure.
The judgment appealed from should be reversed and the 1954 sentence of 20 to 40 years reinstated.
Chief Judge Fund and Judges Burke, Scileppi, Bergan, Keating and Breitel concur.
Judgment reversed and the 1954 sentence reinstated.