■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. MAY, Appellant.—Appeal from a judgment of the County Court of Rensselaer County (Dwyer Jr., J.), rendered January 9, 1991, convicting defendant upon his plea of guilty of the crimes of rape in the second degree (two counts) and incest.

Due to the People's failure to comply with the filing requirements of CPL 400.21 (2), defendant's sentence is invalid as a matter of law and must be set aside *(see, People v Gilchrist,* 152 AD2d 923; *People v Scarbrough,* 105 AD2d 1107, 1108 [dissenting mem], *revd on dissenting mem below* 66 NY2d 673). Given the mandatory nature of the filing requirements *(see, People v Scarbrough, supra,* at 1108), however, a predicate felon is precluded from being sentenced as a first time offender regardless of the "neglect of the District Attorney" in failing to file the predicate felony statement *(supra,* at 1109). Consequently, this matter should be remitted so that the People may file a predicate felony statement prior to resentencing *(see, People v Scarbrough,* 66 NY2d 673).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence; matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.