■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL MELENDEZ, Appellant. [681 NYS2d 485] —Judgment, Supreme Court, New York County (Brenda Soloff, J., at plea, first sentence and motion to set aside sentence; James Yates, J., at second felony offender adjudication, and Harold Beeler, J., at resentence), rendered November 30, 1994, convicting defendant of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Since defendant is a second felony offender, the 1-year sentence imposed in 1992 was illegal (see, *People v May,* 180 AD2d 974), and defendant therefore had no legitimate expectation of the finality of that sentence (see, *People v Williams,* 87 NY2d 1014). Defendant's deceptive use of aliases and failure to

correct the court's misinformation as to his prior record during the plea and sentence proceedings concealed his predicate felon status (*see, People v Holley*, 168 AD2d 992, 993; *People v Barnes*, 160 AD2d 342). Under the circumstances, defendant's rights under the double jeopardy provisions of the Federal and State Constitutions were not violated when the People made a timely motion to set aside the illegal sentence (CPL 440.40) and the court imposed a lawful sentence, irrespective of whether the illegal sentence had already been completed. We have considered defendant's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.