◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ROGNER, Appellant. [728 NYS2d 572] —Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 24, 1999, which resentenced defendant following his conviction of the crime of sodomy in the first degree (two counts).

Following his conviction of, *inter alia,* two counts of sodomy in the first degree, defendant was sentenced as a second felony offender to concurrent terms of 12½ to 25 years in prison. Upon appeal, this Court dismissed various misdemeanor counts as barred by the Statute of Limitations and held that defendant had been improperly sentenced as a second felony offender on the remaining sodomy charges (265 AD2d 688). The matter was remitted to County Court and defendant was resentenced to consecutive prison terms of 8⅓ to 25 years on the two counts of sodomy. Defendant appeals contending that County Court improperly resentenced him to a harsher sentence as a first felony offender than the original sentencing court imposed upon him as a second felony offender. We affirm.

"Unlike those cases which hold that following a successful appeal and retrial, a court, absent a reasoned and legitimate justification, may not impose a greater sentence than was originally imposed (*see, North Carolina v Pearce,* 395 US 711; *People v Miller,* 65 NY2d 502, *cert denied* 474 US 951; *People v Best,* 127 AD2d 671, *lv denied* 70 NY2d 642), at bar, there was never a prior legal sentence imposed. Once the original sentence was vacated on the ground that it was illegal, the court on resentencing was not bound by either the minimum or maximum limits of the original sentence, which had become a nullity" (*People v Fuller,* 134 AD2d 278, 279, *lv denied* 70 NY2d

931 [citations omitted]; *see, People v Harrington*, 21 NY2d 61, 64; *People v Gillette*, 33 AD2d 587). Thus, the resentencing court was free to impose consecutive sentences, the aggregate of which was greater than that originally imposed. Likewise, defendant's claim that the sentence was attributable to vindictiveness for having taken an appeal is unpersuasive in light of the fact that it was imposed by a different Judge who adequately explained the reasons for the sentence imposed (*see, People v Acevedo*, 224 AD2d 727, *lv denied* 88 NY2d 875; *cf., People v Young*, 94 NY2d 171, 178).

Mercure, J. P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.