■ The People of the State of New York, Respondent, v Heraldo Mora, Appellant. [737 NYS2d 71] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 15, 1997, convicting defendant, after a jury trial, of attempted murder in the second degree and criminal use of a firearm in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years, unanimously affirmed.

Defendant's claim that he was denied the effective assistance of counsel due to a purported conflict of interest is based on factual allegations dehors the record that would require a CPL

440.10 motion (*People v Frias*, 250 AD2d 495, *lv denied* 92 NY2d 982). The existing record does not establish any conflict of interest.

The court properly exercised its discretion in admitting testimony regarding defendant's participation with the victim in drug trafficking and their dispute concerning the payment of an attorney's fee in a prior drug case. This evidence was admissible as background information explaining the events leading up to the shooting and was highly relevant to the issue of motive (*see, People v Mena*, 269 AD2d 147, *lv denied* 95 NY2d 800).

Defendant's suppression motion was properly denied without a hearing. Supreme Court, New York County did not violate the doctrine of law of the case when it summarily denied the motion notwithstanding the fact that Supreme Court, Queens County had granted a suppression hearing in a case involving the recovery of the gun used in the instant shooting. The doctrine of law of the case was not applicable in this instance involving two separate litigations (*see, People v Evans*, 94 NY2d 499, 502). Furthermore, summary denial was proper since defendant's vague allegations were insufficient to establish his entitlement to a hearing (*see, People v Velez*, 281 AD2d 311, *lv denied* 96 NY2d 908). In any event, we note that in defendant's Queens County case the Appellate Division, Second Department rejected defendant's suppression arguments (*People v Mora*, 259 AD2d 562).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.