OPINION OF THE COURT
John M. Leventhal, J.
This matter is before the court for resentencing after the United States District Court for the Eastern District of New York granted the defendant’s petition for a writ of habeas corpus (Somerville v Conway, 281 F Supp 2d 515 [2003]). The United States District Court for the Eastern District of New York (Weinstein, J.) ordered that the defendant be resentenced because he was not afforded effective assistance of counsel at sentencing. The defendant claims that the court may not adjudicate him a second violent felony offender under the doctrines of the law of the case and/or collateral estoppel. The defendant further claims that the court is prohibited from sentencing him to a term greater than a period of incarceration having a minimum of 9 years and a maximum of 18 years under the doctrines of judicial vindictiveness and double jeopardy.
In deciding these legal issues, the court has considered the defendant’s resentencing memorandum, the People’s affirmation, the briefs of both parties in the Appellate Division, the memorandum submitted by both parties to the United States District Court for the Eastern District of New York, the trial in this case, the original sentencing proceeding in this case, the original and updated presentence report and the records of *596 defendant’s prison history obtained by this court from the New York State Department of Correctional Services.
Background
On April 22, 1996, the defendant, in violation of an order of protection, went to his former girlfriend’s (victim or complainant) residence, knocked on the door and when the victim opened the door placed his hand over her motith, forced his way into the residence and assaulted her. j
On May 10, 1996, an indictment charging the defendant with various burglary, assault, weapons and contempt charges was filed. On May 28, 1996, the defendant was arraigned and pleaded not guilty.
On January 13, 1997, a jury trial commenced. On January 29, 1997, the jury convicted the defendant ¡of various burglary, assault and criminal mischief counts. i
On February 18, 1997, the defendant was sentenced. Prior to the sentencing, the court arraigned the defendant as a predicate violent felon. At the arraignment on the second violent felony statement, defense counsel stated he had just received from the People the documentation of a Maryland conviction. Counsel stated that he was silent as to the issue- of whether the foreign conviction constituted a violent predicate felony, but admitted that defendant was the person who had been convicted in Maryland of armed robbery. It is noted that prior to his arraignment, the defendant stated that he had pleaded guilty in Maryland just to get rid of the case. The defendant then waived any challenges to his predicate felon status, but denied that he was a predicate violent felon. The court then'proceeded to sentence the defendant as a second violent felon to 18 years’ incarceration on the burglary in the first degree counts (2 counts), 13 years’ incarceration on the burglary in the second degree count, 6 years’ incarceration on the assault in the second degree count and 1-year incarceration on the criminal mischief count, all to run concurrently with each other.
The defendant appealed his judgment. On appeal, among other claims, the defendant alleged that his counsel was ineffective because he failed to challenge the Maryland conviction on the ground that the conviction does not qualify as a predicate felony (violent or otherwise), because it| was theoretically possible to commit the Maryland crime without committing a New York state felony. The People, among otlier arguments, claimed that any challenge to the predicate felony was unpreserved for *597 appellate review. The prosecution took no position on the legality of using the Maryland conviction as a predicate felony. The Appellate Division, Second Department, affirmed the judgment and held that the defendant received effective assistance of counsel and the claim relating to his status as a violent predicate felon to be unpreserved (283 AD2d 596 [2001]).
On September 25, 2001, leave to appeal to the Court of Appeals was denied (96 NY2d 942 [2001]).
In December 2002, the defendant filed a petition for a writ of habeas corpus on the ground that defense counsel was ineffective in failing to challenge the Maryland predicate felony as not qualifying as a prior felony under New York law. The United States District Court for the Eastern District of New York granted the writ. In the court’s decision, the court applied the two-prong Strickland v Washington (466 US 668 [1984]) test. The court found that defense counsel acted unreasonably in not challenging the Maryland crime (the first prong of Strickland). In order to establish prejudice (the second prong), the United States District Court for the Eastern District of New York held that the Maryland crime was not a predicate felony under New York law. The United States District Court for the Eastern District of New York interpreted People v Muniz (74 NY2d 464 [1989]) as limiting the court’s examination of the Maryland crime to a comparison of the elements of common-law robbery to the New York statutory equivalent and refused to examine the Maryland accusatory instrument.
The matter is now before this court for resentencing.
Law of the Case
The defendant claims that the decision by the United States District Court for the Eastern District of New York that the Maryland crime does not qualify as a predicate felony under New York precedent is the law of the case.
The doctrine of the law of the case originated in civil cases but applies to criminal matters as well (People v Evans, 94 NY2d 499, 504 [2000]). It is a form of intra-action res judicata (id. at 502). The dictates of this rule prohibit a court of coordinate jurisdiction from reconsidering the legal determination of another judge or justice made in the same case (People v Bilsky, 95 NY2d 172, 175 [2000]). The law of the case rule is limited to questions of law (Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.09). In criminal cases, decisions made by a judge of coordinate jurisdiction on issues involving mixed questions of fact and law are subject *598 to the law of the case principle (People v Nieves, 67 NY2d 125 [1986]; see Evans, 94 NY2d at 504-505). The doctrine applies only in the same action and does not apply to a legal determination made in different litigations involving the identical issues or parties (Matter of McGrath v Gold, 36 NY2d 406, 413 [1975]; People v Mora, 290 AD2d 373, 374 [2002]).
The federal habeas corpus proceeding is a hybrid proceeding of both civil and criminal litigation (Parrott v Government of Virgin Is., 230 F3d 615, 620 n 7 [2000]). A proceeding conducted in another jurisdiction partially civil in nature cannot be considered as part of the defendant’s New York state criminal action (see CPL 1.20 [16]).
In the present case, the federal habeas corpus is a separate litigation and the law of the case doctrine does not prohibit this court from making its own determination as to the defendant’s second violent felon status (Gold, 36 NY2d at 413; Mora, 290 AD2d at 374).
Collateral Estoppel
The defendant contends that the People are barred from claiming that the defendant is a predicate felon by the principle of collateral estoppel.
The doctrine of collateral estoppel has its genesis in civil litigation and applies to criminal proceedings (People v Goodman, 69 NY2d 32, 37 [1986]). This principle is Embodied in the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution (Ashe v Swenson, 397 US 436, 445). Collateral estoppel “means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the sarhe parties in any future lawsuit” (Swenson, 397 US at 443). Therefore, if the “ultimate fact” issue, i.e., that which is essential to conviction in the later trial is resolved in defendant’s favor, the subsequent prosecution is foreclosed (Goodman, 69 NY2d at 38). However, if the resolved issue concerns an “evidentiary” fact tending to establish guilt at the second trial, the subsequent prosecution is not precluded, only “further litigation” of this “evidentiary” fact is prohibited (People v Acevedo, 69 NY2d 478 [1987]).
To invoke collateral estoppel, a defendant must establish that the prior proceeding resulted in a final judgment (Goodman, 69 NY2d at 38; Gold, 36 NY2d at 412), mutuality of parties (Goodman, 69 NY2d at 65; People v Sailor, 65 NY2d 224, 229 [1985]), as well as the incentive to litigate the issue in the first trial *599 (People v Fagan, 66 NY2d 815 [1985]). The defendant must also establish that the issue was necessarily decided in the first proceeding (Acevedo, 69 NY2d at 484-485; Goodman, 69 NY2d at 40).
Since defendant faces a formidable task in trying to establish that an issue has been resolved in his favor in an earlier proceeding, “[t]he [collateral estoppel] rule is not to be applied with a hypertechnical approach but with realism and rationality” (Acevedo, at 69 NY2d at 487, quoting with approval People v Goodman, 69 NY2d at 40).
The defendant has established all the elements of collateral estoppel. It is noted that the District Attorney of Kings County represented in the habeas corpus proceeding the named defendants (Department of Correctional Services and the Attorney General). Contrary to the prosecution’s argument, the determination that the Maryland crime does not qualify as a New York predicate was an essential determination to the petition of habeas corpus. Without this determination, the defendant would have failed to establish both of the prongs of Strickland and the petition would have been denied.[1] Thus, ordinarily the doctrine of collateral estoppel would apply in this case.
However, this court must still determine whether the defendant is a second violent felon. In New York, neither the negligence of the People nor of the court authorizes the imposition of a first offender sentence on a predicate felon (People v Scarbrough, 66 NY2d 673 [1985], revg on dissenting op 105 AD2d 1107, 1108-1109 [1984]; People v May, 180 AD2d 974, 974 [1992]; see also Rosa v Herbert, 277 F Supp 2d 342, 356 [2003]). By law, the court is mandated to sentence a defendant in accordance with the Penal Law and cannot ignore mandatory sentencing provisions (id.; People v Harris, 217 AD2d 791, 793 [1995]; People v Cahill, 190 AD2d 744, 744 [1993]; People v Holley, 168 AD2d 992, 993 [1990]; see also People v Joyner, 171 Misc 2d 544, 546-549 [1997]). A court’s imposition of a first violent offender sentence for a second violent felon would be illegal and a *600 nullity (id.; see also People v Harrington, 21 NY2d 61 [1967]— discussed later in this decision; People v Melendez, 254 AD2d 74, 74 [1998]).
Defendant cites People v Smith (73 NY2d 961 [1989]) and People v Samms (95 NY2d 52 [2000]) for the proposition that sentencing a defendant who is a predicate felon because of an out-of-state conviction to a nonpredicate sentence is legal. The court disagrees with the defendant’s reading of those cases. Nowhere in those cases does the court explicitly or implicitly state this proposition. The Smith case dealt with the issue whether the legality of a foreign prédicate conviction was preserved for appeal and the Samms case dealt with the distinction between prior in-state and out-of-state crimes. The Court in Samms held (95 NY2d at 57):
“For purposes of preservation, Smith involved a question that differs from the one before us. Determining whether a particular out-of-State conviction is the equivalent of a New York felony may involve production and examination of foreign accusatory instruments and, conceivably, the ¡resolution of evidentiary disputes, all in the context of comparisons with the law of other jurisdictions ... In keeping with the rule of preservation, issues of that type must be raised and explored at the trial court level, where a record is developed for appellate review” (citations omitted).
The cases hold that where the legality of the sentence can be determined based on the facts on the record, a defendant need not preserve the issue for appeal. In contrast, where the legality of the sentence requires nonrecord facts,'as is the case with out-of-state crimes, then the defendant must preserve the issue for appeal. These cases do not hold that sentencing a predicate felon, who is a second violent felon because of a foreign crime, as a first violent offender is legal. !
The court holds, based on all the precedents cited above, that adjudicating a second violent felon, who is a predicate felon because of an out-of-state conviction, as a first offender is illegal (see also People v Morse, 62 NY2d 205 [1984]; Scarbrough, 66 NY2d 673 [1985], revg on dissenting op 105 AD2d at 1108-1109; Melendez, 254 AD2d at 74; May, 180 AD2d at 974; see also Rosa, 277 F Supp 2d at 356).
This court therefore orders the parties to address the Maryland predicate crime. Í
*601 It is noted that at least one lower court has used the identical Maryland crime as a predicate felony (People v Jones, 213 AD2d 801, 803 [1995]). Also, in virtually the identical circumstances, the Appellate Division, First Department, interpreted Muniz as authorizing examination of the out-of-state accusatory instrument (People v Gilchrist, 223 AD2d 382, 382 [1996]).[2] Moreover, as stated above in the Samms case, determinations regarding the qualification of an out-of-state crime sometimes (“may” in the words of the court) require an examination of the foreign accusatory instrument.
The court also holds that the proper application of state law is the province of the state courts and not the federal courts.[3]
Federal — Presumption of Vindictiveness
Due process of law under the Federal Constitution prohibits a court from penalizing a person for exercising the right to appeal (United States v Goodwin, 457 US 368, 372 [1982]). In order to insure that courts do not impose longer sentences as punishment for a successful appeal, the United States Supreme Court created a presumption of vindictiveness (i.e., presumption that the defendant is being punished for successfully appealing) whenever the same court sentences a defendant to a greater or harsher sentence after a retrial (North Carolina v Pearce, 395 US 711 [1969]). The evil that the Supreme Court sought to prevent is not the enhancement of a sentence after appeal, but rather the vindictiveness of the sentencing judge (Texas v McCullough, 475 US 134, 138 [1986]). The presumption of vindictiveness can be overcome by proof that the more severe sentence was the result of conduct or events happening after the original sentence was imposed (Wasman v United States, 468 US 559 [1984]). The federal presumption of vindictiveness does not apply in all situations where a harsher sentence is imposed after a favorable appeal ruling (McCullough, 475 US at 138).
The federal presumption of vindictiveness does not apply where a different judge (Colten v Kentucky, 407 US 104 [1972]) *602 or a different jury (McCullough, 475 ufe 134 [1986]; Chaffin v Stynchcombe, 412 US 17 [1973]) resentences a defendant to a harsher sentence after a successful appeal. The presumption of vindictiveness also does not apply where a defendant has successfully moved to vacate a plea and is subsequently sentenced to a longer term of incarceration after, a trial by a jury (Alabama v Smith, 490 US 794 [1989]).
The federal presumption of vindictiveness applies only if the defendant receives a more severe sentence than the original one. If the sentence is the same or lower in total time of incarceration, even though it is longer on individual counts, the federal presumption of vindictiveness is inapplicable (United States v Smotherman, 326 F3d 988, 989 [2003]; United States v Busic, 639 F2d 940 [1981]; United States v Pimienta-Redondo, 874 F2d 9, 12-13 [1989]; United States v Norton, 657 F2d 1003, 1004-1005 [1981]; United States v Evans, 314 F3d 329, 334-335 [2002]).
This court has found no United States Supreme Court or federal court decision that directly discusses the presumption of vindictiveness in cases where the actual original sentence is illegal (as opposed to when the sentencing proceeding is conducted in violation of some statutory requirement — see Samms, 95 NY2d at 58 [distinguishing between illegal sentences and sentences where the procedure was improper]) and where a harsher sentence that is greater than mandatory minimum is imposed. The Eighth Circuit, United States Court of Appeals, in Blankenship v Parratt (554 F2d 850, 852 [1977]), implies that the federal presumption of vindictiveness does not ¡apply in this situation. States, other than New York, have helcl that where the court imposes the statutory mandatory minimum upon resentence and that minimum is greater than the original illegal sentence, there is no federal presumption of vindictiveness (Reed v State, 310 Ark 651, 653, 840 SW2d 165, 166 [1992]; People v Manners, 878 P2d 71, 72 [Colo 1994]; State v Grimes, 1994 WL 682555, 1994 Del Super LEXIS 529 [Super Ct, Oct. 5, 1994]; Cutbirth v State, 695 P2d 156, 159 [Wyo 1985]; see United States ex rel. Ferrari v Henderson, 474 F2d 510, 512-513 [1973]). One court has ruled that where after the vacatur of a sentence on the basis of illegality, a nonmandated sentence is imposed which is unjustifiably disproportionate to the original sentence, then the spirit of Pearce may be violated (State v Heisler, 192 NJ Super 586, 471 A2d 805 [1984]; opposite State v Blankenship, 195 Neb 329, 331, 237 NW2d 868 [1976]).
*603 The law in New York is unclear with respect to whether an indeterminate sentence of 12x/2 to 25 years in prison is greater than a determinate sentence of 18 years’ incarceration (People v Acevedo, 224 AD2d 727, 727 [1996]; see also People v Shanks, 272 AD2d 153,153-154 [2000]).[4] On the one hand, a determinate sentence of 18 years makes the prisoner eligible for conditional release after 15V2 years (Correction Law § 803 [1] [c]) and a 121/2-to-25-year indeterminate sentence permits parole after service of I2V2 years (Correction Law § 803 [1] [b]), a lesser period than the 18-year sentence. On the other hand, an 18-year determinate sentence means that the maximum term of imprisonment that the defendant can serve is 18 years and on the 12V2-to-25-year indeterminate sentence there looms the potential for defendant serving 25 years in prison (see Blankenship, 195 Neb at 331, 237 NW2d at 869).[5]
Stewart v Scully (925 F2d 58 [1991]), cited by the defendant, is not to the contrary. The Stewart case is limited to cases where the court violates a plea promise and a greater maximum term of imprisonment than originally promised is imposed after remand for resentencing (United States v Triestman, 178 F3d 624, 632 n 3 [1999]).
Harris v United States (536 US 545 [2002]) and Apprendi v New Jersey (530 US 466 [2000]), cited by the defendant as binding precedent, do not deal with the prophylactic rule of Pearce-, they deal with the constitutional right to a jury trial and the right to be indicted by a grand jury. When dealing with the right to a jury trial and the right to indictment by a grand jury, the Constitution requires that all elements as defined by the Legislature be determined by the jury and by a grand jury. The Courts in the above cases held that any fact that enhances a person’s maximum sentence is considered an element of the crime and must be determined by a jury or grand jury and not a judge. The constitutional rights to a jury and the right to indict *604 ment by a grand jury are unrelated to the prophylactic rule of the presumption of vindictiveness because the vindictiveness rule does not deal with elements of crimes. The difference can be clearly seen as the Harris and Apprendi cases are constitutional requirements which cannot be overcome except by waiver, while the presumption of vindictiveness is not a constitutional mandate and can be overcome by events happening after sentence. Further, Harris and Apprendi deal with increasing a penalty beyond the statutory maximum. The concept of vindictiveness is unrelated to the Legislature’s extending a statutory maximum, for whatever sentence this court imposes will be within the statutory maximum for the crime that the defendant committed. The defendant is comparing apples with oranges.
The court finds that sentencing a predicate felon as a non-predicate felon and imposing the concomitant penalty constitutes an illegal sentence (see above) and would not entail the federal presumption of vindictiveness (see People v Swan, 158 AD2d 158, 163 [1990]; Annotation, Power of Court to Increase Severity of Unlawful Sentence — Modern Status, 28 ALR4th 147).
New York State — Presumption of Vindictiveness
New York’s Due Process Clause provides greater protection than its federal counterpart when the issue is the presumption of vindictiveness (People v Van Pelt, 76 NY2d 156, 162 [1990]). New York has rejected the exceptions to the presumption of vindictiveness when there are different sentencing courts imposing sentences (id.) and analyzes sentences differently than the federal courts when considering greater Sentences on individual counts but the same or less incarceration when the totality of the sentences is considered (People v Young, 94 NY2d 171 [1999]). Under New York law, the presumption of vindictiveness is applied whenever there is a “reasonable likelihood that the longer sentence was the result of vindictiveness” (id. at 179 [internal quotation marks omitted]).
In dicta, in Harrington (21 NY2d 61, 64 [1967]) the Court stated:
“To be sure, it is argued on behalf of the People that the situation is similar to that where a sentence is vacated because the term of imprisonment imposed was greater or less than the term prescribed by law (People ex rel. O’Berst v. Murphy, 256 App. Div. 58; People v. Coleman, 264 N. Y. 536; People ex rel. La Mere v. Jackson, 9 A D 2d 843), where the *605 term was of a different type than provided by law (People v. Baumeister, 283 N. Y. 625), where the defendant’s status as a multiple felony offender has been changed by the elimination of a prior conviction (People ex rel. Sloane v. Lawes, 255 N. Y. 112) or some similar situation. In those instances, and others cited by the District Attorney, one may assume that the resentence might be more or less severe than the original sentence had been. The defects above described affect the correctness of the sentence itself. They are an integral part of the sentencing process, with the consequence that the sentence which purports to have been imposed is a nullity that has to be superseded by a new sentence which (whether more or less severe) shall have been determined by the court in conformity with the law and as the result of an informed judgment after the defendant has had the opportunity to be heard which the law allows (Code Crim. Pro., § 480) and where the record shows that all relevant factors have been taken into consideration.” (Emphasis supplied.)
Under the dicta in Harrington, the court, when resentencing a defendant originally thought to be a multiple offender to a sentence as a nonmultiple offender, is authorized to impose a greater sentence because the original sentence is a “nullity” (see People v Taylor, 145 AD2d 446, 447 [1988]). The departments of the Appellate Division have held that when resentencing a person originally thought to be a predicate felon to a first offender sentence, the presumption of vindictiveness is inapplicable (People v Rogner, 285 AD2d 749, 749-750 [2001] ;[6] Acevedo, 224 AD2d 727, 727 [1996]). This is true because once the original sentence is vacated for being illegal, it is a nullity and it is as though the defendant was never sentenced (People v Fuller, 134 AD2d 278 [1987]). A higher sentence is therefore authorized (id.).
In People v Williams (87 NY2d 1014 [1996]), after the defendant pleaded guilty (no sentence promise), the defendant was sentenced to 3x/2 years to 7 years in prison as a second felony offender. Thereafter, the defendant was, sua sponte, resentenced *606 to 3V2 years to IOV2 years as a nonpredicate felon. The Court found such sentence permissible, even though the maximum sentence was greater than the original sentence, because the original sentence was illegal (see also People v DeValle, 94 NY2d 870 [2000]; People v Herne, 295 AD2d 702, 705 [2002]).
The court holds that if the defendant is not a predicate felon, then the court is authorized to impose a greater maximum sentence than originally set as the original sentence was illegal. The presumption of vindictiveness simply does not apply.
Double Jeopardy
With certain exceptions not relevant to this discussion, once a defendant has been sentenced to incarceration and the defendant has commenced service of the sentence, his sentence may not be increased under the Double Jeopardy Clause of the Federal Constitution (Ex Parte Lange, 18 Wall [85 US] 163). This is because the Double Jeopardy Clause of the Constitution recognizes an “expectation of finality” by the defendant in such a sentence (Jones v Thomas, 491 US 376, 385, 386 [1989]; Pennsylvania v Goldhammer, 474 US 28, 30 [1985]; United States v DiFrancesco, 449 US 117,139 [1980]). Where a sentence is illegal, there is no “expectation of finality” in the sentence and therefore the imposition of a longer sentence after vacatur of the illegal sentence does not violate the Double Jeopardy Clause (Bozza v United States, 330 US 160 [1947]; see also Jones, 491 US at 395 [Scalia, J., dissenting]; Williams, 87 NY2d at 1015; People v Momplaisir, 2 AD3d 320 [2003]; Williams v Travis, 143 F3d 98 [1998]). This is so because a court has the inherent power to alter an illegal sentence (id.; DeValle, 94 NY2d at 871-872; People v Richardson, 100 NY2d 847, 851 [2003]) and the defendant is deemed to know that | the sentence is illegal (Jones, 491 US at 395 [Scalia, J., dissenting]).
Further, where a defendant seeks to vacate his sentence, he has in effect waived his “expectation of finality” in the sentence (United States v Bryce, 287 F3d 249, 256 [2002]; United States v Murray, 144 F3d 270, 275-279 [1998]; United States v Shue, 825 F2d 1111, 1115 [1987]; United States v Bello, 767 F2d 1065, 1070 [1985]). Once the defendant seeks to nullify the sentence, he cannot later complain that he had an “expectation of finality” in that which he sought to nullify (id.).
If this court were to find the defendant to be a first violent felony offender, the original sentence becomes illegal, null and void. Thus, the Double Jeopardy Clause does not bar a longer maximum term at resentencing.
*607 For the reasons set forth herein, the court holds that it has the right to determine independently whether the defendant is a predicate felon. If after further examination the defendant is not a predicate violent felon, then, and if appropriate, the court may under the Federal and State Constitutions impose a longer sentence.
Notwithstanding the law as stated above, it is this court’s intention to sentence the defendant as he stands before the court on the date of the sentence. The court will consider and indeed is required to consider all sentencing factors that are relevant. The court will carefully examine defendant’s behavior post-February 18, 1997, whether favorable or unfavorable, and will take the post-February 18, 1997 facts into consideration.

. This holding is rendered only because of the way both sides presented the issue before the federal court. As pointed out by the defendant, the holding by the District Court could have been that there was a reasonable probability that defendant would have been found to be a first violent offender in which event collateral estoppel would not bar this court from making a final independent judgment. However, since the court and the parties did not address the issue in habeas corpus in this manner and the issue of whether the defendant was a predicate felon was fully litigated, the principles of collateral estoppel would ordinarily apply.

. The case cited by the defendant to show that the Maryland crime does not qualify as a predicate felony (People v Hanlon, 157 Misc 2d 659 [1993]) also examined the accusatory instrument.

. The Supremacy Clause of the Federal Constitution briefly mentioned in a bracketed portion of the defendant’s brief is also inapplicable. The Supremacy Clause makes federal law superior to state law. Whether a person is a predicate violent felon is a question of state law and not federal law and a decision by a lower federal court on a state law question is not supreme over that of a state court.

. The court is aware that part of Acevedo has been disapproved of by the Court of Appeals in People v Young (94 NY2d 171, 178-179 [1999]). Acevedo is relevant to the federal analysis. As Young indicates, Acevedo is consistent with the federal decisions but is inconsistent with state rules.

. Shanks (272 AD2d 153 [2000]) illustrates the issue. In Shanks, the defendant was originally sentenced to a determinate seven-year sentence. Upon a determination that the defendant was not a second felony offender, he was resentenced to 5 to 10. The Court said that the two sentences were “comparable” for double jeopardy purposes (see also People v Rivera, 289 AD2d 1020, 1020 [2001] [3-to-6-year sentence is comparable to a determinate 5 years]). At the time of defendant’s commission of the instant crime, Penal Law § 70.45 (postrelease supervision) had not been enacted.

. The defendant’s attempt to distinguish Rogner because a different judge sentenced the defendant Rogner is rejected, since New York applies the presumption of vindictiveness to sentences imposed by different judges (Van Pelt, 76 NY2d 156 [1990]). It is noted that the defendant extensively cites Van Pelt in his memorandum of law.