■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN SOMERVILLE, Appellant. [826 NYS2d 277]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Leventhal, J.), imposed on February 9, 2004, upon his conviction of burglary in the first degree (two counts), burglary in the second degree, assault in the second degree, assault in the third degree, and criminal mischief in the fourth degree, upon a jury verdict.

Ordered that the resentence is affirmed.

Following a dispute with his girlfriend over the paternity of her infant son, the defendant accosted her on the street and pushed her into the house she shared with her parents and the child. Inside, he assaulted her and threatened her with a knife. He was subsequently convicted of two counts of burglary in the first degree, burglary in the second degree, assault in the second degree, assault in the third degree, and criminal mischief in the fourth degree.

The court sentenced the defendant as a second violent felony offender to concurrent terms of imprisonment of 18 years on each count of first degree burglary, 13 years on the second degree burglary count, 6 years on the count of second degree assault, and 1 year each on the counts of assault in the third degree and criminal mischief in the fourth degree. The judgment of conviction was subsequently affirmed by this Court (*see People v Somerville*, 283 AD2d 596 [2001]), and leave to appeal to the Court of Appeals was denied (*see People v Somerville*, 96 NY2d 942 [2001]).

The defendant thereafter petitioned for a writ of habeas corpus in the United States District Court for the Eastern District of New York. He claimed that his 1993 Maryland conviction, on which his adjudication as a second violent felony offender had been based, did not qualify as a predicate felony, and that his attorney's failure to raise that issue prior to sentencing deprived him of his Sixth Amendment right to the effective as-

sistance of counsel. The District Court agreed, granted the writ, and ordered that the defendant be resentenced within 60 days (*see Somerville v Conway,* 281 F Supp2d 515 [2003]). The People did not appeal.

The matter was returned to the Supreme Court, Kings County, where the defendant was resentenced, as a first-time felony offender, to concurrent prison terms of 11 to 22 years' imprisonment on the first degree burglary counts, 7 to 14 years on the on the second degree burglary count, $3\frac{1}{2}$ to 7 years on the second degree assault count, 1 year on the third degree assault count, and 1 year on the fourth degree criminal mischief count. The defendant now contends that his resentence was greater than the originally-imposed sentence because, although the indeterminate sentences had minimum terms shorter than the illegal determinate sentences they replaced, they had maximum terms that were longer. The defendant argues further that, in the absence of a showing of intervening misconduct, the imposition of a greater sentence following a successful petition for a writ of habeas corpus is constitutionally barred both because it raises a presumption of judicial vindictiveness (*see North Carolina v Pearce,* 395 US 711 [1969]; *People v Van Pelt,* 76 NY2d 156 [1990]) and because it violates the prohibition against double jeopardy (*see Stewart v Scully,* 925 F2d 58 [1991]). We disagree.

Assuming without deciding that the indeterminate terms of imprisonment were in fact greater than the determinate terms they replaced (*cf. People v Shanks,* 272 AD2d 153 [2000]), we see no constitutional violation here. Inasmuch as the prior sentences imposed were vacated as illegal, no presumption of vindictiveness attaches to resentencing (*see People v Rogner,* 285 AD2d 749 [2001]; *People v Swan,* 158 AD2d 158, 162-163 [1990]; *People v Taylor,* 145 AD2d 446, 447 [1988]; *People v Fuller,* 134 AD2d 278, 279 [1987]), and the defendant, on this record, has failed to establish actual vindictiveness. Moreover, where, as here, a defendant is convicted upon a jury verdict, as opposed to a plea of guilty, and therefore does not receive any indication or assurance of what the sentence will be, the defendant has no legitimate expectation in the finality of the original sentence for double jeopardy purposes should it later turn out to have been illegal (*see People v Todd,* 183 AD2d 861 [1992]; *cf. People v Campanella,* 297 AD2d 642 [2002]; *People v Keenan,* 297 AD2d 646 [2002]; *People v Hoppie,* 220 AD2d 528 [1995]).

The terms of incarceration imposed on resentencing were not excessive (*People v Suitte,* 90 AD2d 80 [1982], *supra*). Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.