Somerville v. Hunt

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

———————————

August Term, 2011

(Argued: April 3, 2012                                    Decided: September 25, 2012)

Docket No. 11-1211-pr

———————————

STEVEN SOMERVILLE,

*Petitioner-Appellee,*

v.

CAROL HUNT, SUPERINTENDENT, GROVELAND CORRECTIONAL FACILITY, AND ERIC
SCHNEIDERMAN, NEW YORK STATE ATTORNEY GENERAL,

*Respondents-Appellants.*

Before: NEWMAN, KATZMANN, and B.D. PARKER, *Circuit Judges.*

———————————

Appeal from a judgment of the United States District Court for the Eastern District of
New York (Garaufis, *J.*) granting Appellee's petition for a writ of habeas corpus. We hold that
the Appellate Division's determination that a presumption of vindictiveness did not apply to the
Appellee's resentencing was not an unreasonable application of clearly established Supreme
Court law.

**REVERSED**.

———————————

RICHARD JOSELSON, The Legal Aid Society, New York,
NY, *for Petitioner-Appellee.*

AMY APPELBAUM (Leonard Joblove, *on the brief*),
Brooklyn, NY, *for* Charles J. Hynes, District
Attorney, Kings County, Brooklyn, NY, *for
Respondents-Appellants.*

BARRINGTON D. PARKER, *Circuit Judge*:

The State of New York appeals from a decision of United States District Court for the Eastern District of New York (Garaufis, *J.*) granting Steven Somerville's petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. After Somerville's initial sentence was vacated on the ground that it was illegal, the state court resentenced Somerville to a term he contended was higher than his initial sentence and that, as a result, this higher sentence was presumptively vindictive under *North Carolina v. Pearce*, 395 U.S. 711 (1969). The Appellate Division affirmed the sentence, holding that the presumption did not apply to the resentencing. The district court concluded that it was unreasonable for the state court not to apply the presumption, that the presumption applied, and that it could not be rebutted. On this basis, the court granted habeas relief. *Somerville v. Hunt*, No. 08-CV-13072011, WL 795073 (E.D.N.Y. Feb. 28, 2011). Because we conclude that the Appellate Division's determination that the *Pearce* presumption did not apply to Somerville's resentencing was not an unreasonable application of Supreme Court law, we reverse.

**BACKGROUND**

In 1997, a New York state jury found Somerville guilty of first degree burglary, assault in the second and third degree and criminal mischief in the fourth degree arising from an attack on his girlfriend. At his original sentencing, the prosecution informed the court that Somerville had been convicted of a violent felony in 1993 in Maryland. Taking this conviction into consideration, the judge – Justice John M. Levanthal – adjudicated Somerville as a second violent felony offender and sentenced him to a concurrent term of imprisonment of 18- years on

the first-degree burglary count and to lesser terms on the other offenses.  *See* former N.Y. Penal Law § 70.04(3)(a) (establishing a statutory determinate term within the range of 10 to 25 years).

After his direct appeal, Somerville sought a writ of habeas corpus on the ground that he had been erroneously adjudicated as a second violent felony offender and that his counsel had been constitutionally ineffective for not pointing out the error.  The district court agreed that under New York law, the Maryland conviction could not serve as a predicate felony, granted Somerville's petition, and remanded the case to Justice Leventhal for resentencing under the appropriate statute.  *See Somerville v. Conway*, 281 F. Supp. 2d 515, 524 (E.D.N.Y. 2003) (Weinstein, *J.*).

At resentencing, Somerville was classified as a first violent felony offender.  Under then-applicable law, the court was required to sentence him to an indeterminate term ranging from a minimum of 3 - 6 years to a maximum of 12.5 - 25 years.  *See* former N.Y. Penal Law § 70.02(1)(a), (2)(a), (3)(a), (4).  Somerville argued that, because he had previously been sentenced to a "mid-range" determinate sentence, the court should now impose a "mid-range" indeterminate sentence of 7.5 to 15 years.  The prosecution, in contrast, requested the maximum range of 12.5 to 25 years.

At the resentencing, the judge noted that he considered the initial sentence to be illegal and added that, "[i]f the sentence was illegal, I believe it was null and void, never existed, I can sentence him again." J.A. 73.  The judge also noted that, even if he sentenced Somerville to the maximum indeterminate term of 12.5 to 25 years, Somerville would be eligible for release earlier

3

than he would have under the vacated 18-year determinate term.[1]  The court then sentenced Somerville to concurrent terms of imprisonment of 11 - 22 years on the first-degree burglary count and to lesser terms on the others.  The court stated that the 11 - 22 year term was the sentence it would have chosen in 1997 had Somerville been sentenced under the appropriate statute.  J.A. at 97.

In a written decision accompanying the sentence, the court considered and rejected Somerville's argument that any indeterminate sentence whose maximum term exceeded eighteen years would be presumptively vindictive.  *See People v. Somerville*, 3 Misc. 3d 593, 604-06 (N.Y. Sup. Ct. 2004).  The court assumed, without holding, that the indeterminate sentence of 11 - 22 years was an increase over the vacated 18-year determinate sentence.  Then, relying on dicta from *People v. Harrington*, 21 N.Y.2d 61, 64 (1967), the court concluded that, where the previous sentence is "vacated as illegal," it is "a nullity and it is as though [Somerville] was never sentenced" in the first place, and thus "[t]he presumption of vindictiveness simply does not apply."  *Somerville*, 3 Misc. 3d at 605.

The Appellate Division affirmed the sentence.  *People v. Somerville*, 33 A.D.3d 733 (N.Y. App. Div. 2d Dep't 2006).  Like the trial court, it "[a]ssum[ed] without deciding that the indeterminate terms of imprisonment were in fact greater than the determinate terms they

[1]  Some uncertainty existed as to whether the first or the second sentence was longer because defendants sentenced to determinate terms of imprisonment are statutorily eligible for parole, whereas defendants serving indeterminate terms of imprisonment are eligible for discretionary release.  *See* N.Y. Penal Law § 70(40)(1)(a)(i)(ii).  Furthermore, defendants serving indeterminate sentences are eligible to accumulate good time credits toward up to one-third off a sentence, whereas defendants serving determinate sentences may earn good time credits toward just one-seventh off the final sentence.   The state court assumed, without deciding, that Somerville's indeterminate sentence was longer than the vacated determinate term.  The district court affirmatively held the same.  Because we hold that the Appellate Division reasonably concluded that the *Pearce*  presumption did not apply, we need not decide which sentence was longer.

4

replaced," *id* at. 734, and then held that, "[i]nasmuch as the prior sentences imposed were vacated as illegal, no presumption of vindictiveness attaches to resentencing . . . ." *Id.* The Court of Appeals denied leave to appeal. *People v. Somerville*, 8 N.Y. 3d 950 (2007).

In 2008, Somerville filed a second petition for a writ of habeas corpus. His main contention was that the Appellate Division's decision not to apply a presumption of vindictiveness to his resentencing was an unreasonable application of *Pearce*. He argued that, when a defendant receives a harsher sentence from the same judge who imposed the original one, a reasonable likelihood exists that unlawful vindictiveness tainted the new sentence and, therefore, *Pearce* applies. *See* Appellee Br. at 16.

The district court agreed with Somerville and granted the writ. *Somerville v. Hunt*, 08-CV-1307, 2011 WL 795073 (E.D.N.Y. Feb. 28, 2011). First, the district court held that the second sentence was longer and concluded that the Appellate Division's "attempt to limit the rule announced in *Pearce* and its progeny to *Pearce*'s specific facts" was "contrary to, or at least an unreasonable application of, clearly established federal law." *Id*. Specifically, the court held that the "presumption of vindictiveness is not limited to only those cases in which a defendant successfully challenges his first *conviction*[,]" because it concluded that the same potential for vindictiveness by a sentencing judge exists after the a successful challenge to the legality of an original sentence. *Id*. (emphasis in original). Having concluded that the presumption *can* apply, the district court also concluded that the presumption *must* apply to Somerville's resentencing "because his case is materially indistinguishable from *Pearce* itself," *id.* at 7, and because the State "failed to demonstrate that Somerville's resentencing is comparable to any of the circumstances in which the Supreme Court has declined to apply *Pearce's* presumption of

5

vindictiveness." *Id*. at 11 (internal quotations omitted). Finding the presumption unrebutted, the district court granted the writ. The State appealed.

We review the district court's grant of a § 2254 petition *de novo*. *See Harris v. Kuhlmann*, 346 F.3d 330, 342 (2d Cir. 2003). A federal court may grant habeas relief if the state court's adjudication of a claim on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). So long as this Court can discern a reasonable basis for the decision, AEDPA requires that we afford state court decisions the benefit of the doubt. *Renico v. Lett*, 130 S. Ct. 1855, 1862, 1865 n.3 (2010). Specifically, when reviewing habeas claims, we must determine "what arguments or theories support or . . . could have supported, the state court's decision; and then ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

**DISCUSSION**

The State challenges the district court's grant of habeas relief on two grounds. First, the State argues that, because the Supreme Court has only applied the *Pearce* presumption to a new sentencing following the reversal of a conviction and a retrial, courts are free to conclude that the *Pearce* presumption does not apply to a new sentence imposed after the original sentence was held to be illegal. Appellant Br. at 21. Such a conclusion, it argues, is neither contrary to, nor an unreasonable application of Supreme Court law. In the alternative, the State argues that the different statutory sentencing scheme and the substantial possibility of an earlier release establish that there is no reasonable likelihood that the judge acted with actual vindictiveness in

6

sentencing Somerville the second time. In light of the specific facts of this case, therefore, the State argues that its decision not to apply the *Pearce* presumption was reasonable. We do not reach the first contention because we agree with the second.

Due process requires that, after a defendant has successfully attacked his conviction, vindictiveness must play no part in the sentence he later receives. *Pearce*, 395 U.S. at 725. Specifically, *Pearce* requires that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for him doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id*. at 726. "Otherwise, a presumption arises that a greater sentence has been imposed for a vindictive purpose." *Alabama v. Smith*, 490 U.S. 794, 798-99 (1989) (internal quotation marks omitted). Once it applies, this presumption can be rebutted by "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding."[2] *Pearce*, 395 U.S. at 726.

Although *Pearce* appeared on its face to announce a rule of sweeping scope, subsequent Supreme Court decisions have narrowed its reach. For example, in *Texas v. McCullough*, 475 U.S. 134 (1986), the court noted the *Pearce* presumption "does not apply in situations where the possibility of vindictiveness is . . . speculative." *Id*. at 139; *see also United States v. Goodwin*, 457 U.S. 368 (1982) (noting that the *Pearce* rule is appropriate "only in cases in which a

---

[2] The Supreme Court stated in dicta, however, that "[r]estricting justifications for a sentence increase to only 'events that occurred subsequent to the original sentencing proceedings' could in some circumstances lead to absurd results," *Texas v. McCullough*, 475 U.S. 134, 141 (1986), and thus suggested that the *Pearce* presumption could be rebutted by a wider range of information.

reasonable likelihood of vindictiveness exists."); *Blackledge v. Perry*, 417 U.S. 21, 27 (1974) (noting that due process is not offended by all possibilities of increased punishment, but only by those that pose a realistic likelihood of vindictiveness).

In *Alabama v. Smith,* the Supreme Court concluded that cases decided after *Pearce* "have made clear that its presumption of vindictiveness does not apply in every case where a convicted defendant receives a higher sentence on retrial." 490 U.S. at 799 (internal quotation marks and text modifications omitted). The Supreme Court went on to note that *Pearce* was not designed to prevent the imposition of an increased sentence on retrial "for some valid reason associated with the need for flexibility and discretion in the sentencing process," and that the *Pearce* presumption applies only in "circumstances . . . in which there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Id.* at 800. "Where there is no such reasonable likelihood [of vindictivness], the burden remains upon the defendant to prove actual vindictiveness." *Id*. Significantly, the Supreme Court has not decided whether *Pearce* applies only to resentencing following a retrial or whether it also applies to a sentencing following a finding that an initial sentence was illegal.

The lesson of these Supreme Court cases is, therefore, that when there is a strong likelihood that an increase in sentence is not the product of vindictiveness, *Pearce* does not apply. Rather than announcing a categorical rule as to when *Pearce* always or never applies, the Supreme Court has adopted a flexible rule in which *Pearce* must apply when it would be unreasonable not to apply it.

This case does not present the type of situation in which it would be unreasonable to decline to apply the *Pearce* presumption. Here, it does not appear that the trial judge believed

8

the second sentence was higher than the first.  He noted that under the indeterminate range of 11 to 22 years, it was likely that Somerville would be eligible for release sooner than under his prior, determinate sentence.  Moreover, the judge explained that he would have applied a sentence within that range in the first sentencing, had he not believed a determinate sentence was required.  This explanation is both plausible and unrebutted.  Accordingly, we defer to the Appellate Division's conclusion that there was no reasonable likelihood of actual vindictiveness in Somerville's resentencing, and thus we find no violation of clearly established law in declining to apply the *Pearce* presumption.

## CONCLUSION

The judgment of the district court is reversed and remanded for entry of judgment for the respondents.