11-566-ag
Gjura v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 13ᵗʰ day of November, two thousand twelve.

Present:      ROSEMARY S. POOLER,
              RICHARD C. WESLEY,
              RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*.

───────────────────────────────────────────────

FLORA GJURA,

                        *Petitioner,*

              v.                                        No. 11-566-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

                        *Respondent*.

───────────────────────────────────────────────

Appearing for Petitioner:     Gregory G. Marotta, Vernon, NJ.

Appearing for Respondent:     Andrew B. Insenga, Trial Attorney, Office of Immigration
                              Litigation, United States Department of Justice (Tony West,
                              Assistant Attorney General, Ada E. Bosque, Senior Litigation
                              Counsel, *on the brief*) Washington, D.C.

         Petition for review of an order of the Board of Immigration Appeals ("BIA").

         **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the petition for review is **DENIED**.

Flora Gjura, a native and citizen of Albania, seeks review of a January 31, 2011 order of the Board of Immigration Appeals ("BIA") reversing the September 9, 2008 decision of Immigration Judge ("IJ") Terry A. Bain, which granted her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We withdraw our opinion previously issued in this matter, *Gjura v. Holder*, 695 F.3d 223 (2d Cir. 2012). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We need not decide the issue of whether young, unmarried Albanian women constitute a social group for asylum purposes. Even assuming arguendo that Gjura is a member of a social group, the petition for review is denied because Gjura failed to demonstrate past persecution. According to the 2006 State Department Country Report, individuals outside of Gjura's defined group were equally subject to abduction and forced prostitution, including married women and children. Because Gjura failed to establish a nexus between her attacks and her membership in a particular social group, the BIA did not err in concluding that she did not establish eligibility for relief based on past persecution. *Gomez v. INS*, 947 F.2d 660, 664 (2d Cir. 1991).

In addition, to establish eligibility for relief, an applicant must also show that she suffered or will suffer persecution by either the government or private individuals that the government "is unable or unwilling to control." *Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006); *Matter of Acosta*, 19 I. & N. Dec. 211, 222, 236 (BIA 1985), overruled on other grounds by *Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987). Gjura alleged that the Albanian police repeatedly failed to investigate the attacks against her and prevent attacks from later occurring to her sister and cousin. However, the BIA reasonably found that Gjura failed to establish that the Albanian government was unable or unwilling to protect her from her alleged attackers. The 2006 State Department Country Report Gjura submitted indicated that the Albanian government had increased its prosecutions of sex traffickers, and was working to address trafficking-related corruption in its police force. Because a showing of government involvement or inability to control is required for a grant of asylum or withholding of removal, the BIA did not err in denying Gjura's application. *See Rizal*, 442 F.3d at 92; *Matter of Acosta*, 19 I. & N. Dec. at 222, 236.

We therefore DENY the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk