People v Casillas (2019 NY Slip Op 03175)





People v Casillas


2019 NY Slip Op 03175


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


207 KA 16-02360

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ELI CASILLAS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered November 28, 2016. The judgment convicted defendant, upon his plea of guilty, of strangulation in the second degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of strangulation in the second degree (Penal Law § 121.12) and assault in the second degree (§ 120.05 [2]). Contrary to the contention of defendant, we conclude that he validly waived his right to appeal (see People v Slishevsky, 149 AD3d 1488, 1488-1489 [4th Dept 2017], lv denied 29 NY3d 1086 [2017]; People v Braxton, 129 AD3d 1674, 1675 [4th Dept 2015], lv denied 26 NY3d 965 [2015]), and that valid waiver forecloses review of his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
The People correctly concede that the certificate of conviction and the court clerk's notes should be amended to omit any reference to community service, which Supreme Court did not impose as a condition of the sentence (see People v Armendariz, 156 AD3d 1383, 1384 [4th Dept 2017], lv denied 31 NY3d 981 [2018]; People v Oberdorf, 136 AD3d 1291, 1292-1293 [4th Dept 2016], lv denied 27 NY3d 1073 [2016]; see also People v Harrington, 21 NY2d 61, 65 [1967]; see generally Penal Law § 65.10 [1], [2] [h]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court